E-FILED
THURSTON COUNTY, WA
SUPERIOR COURT
11/16/2022 – 11:39AM
Linda Myhre Enlow
Thurston County Clerk

In the Superior Court of the State of Washington
For Thurston County

| | |
|---|---|
| Robert Theodore Kinnune,<br><br>                                   Plaintiff,<br><br>Vs.<br><br>State of Washington, Washington State Department of Social and Health Services,<br><br>                                   Defendants. | No.<br><br>**Complaint for Damages and Injunctive Relief** |

Plaintiff, Robert T. Kinnune, through his attorneys, alleges as follows:

## I.  Parties

1.1.    Plaintiff Robert T. Kinnune was a Washington resident at all relevant times.

1.2.    Defendant State of Washington is a governmental entity.

1.3.    Defendant Washington State Department of Social and Health Services ("DSHS") is a department of state government.

1.4.    DSHS owns, operates, and controls Eastern State Hospital ("ESH") as part of its Mental Health Division.

1.5.    The State was an "employer" of Plaintiff within the meaning of 38 U.S.C. §4303(4).

## II.  Jurisdiction & Venue

2.1.    This Court has jurisdiction over Plaintiff's claims.

Complaint for Damages – 1 of 8
(No.)



Beck Chase Gilman PLLC
705 S. Ninth St., Suite 305
Tacoma, WA 98405
253.289.5104

2.2.    Jurisdiction is conferred on this Court for the federal claims by 38 U.S.C. § 4323(b)(2).

2.3.    Venue lies with this Court pursuant to RCW 4.92.010.

### III. Facts

3.1.    Plaintiff Robert Theodore Kinnune was a member of the United States Army Reserve at all relevant times.

3.2.    Plaintiff was employed by the State starting May 2, 2016, as a Chaplain within the DSHS Behavioral Health Administration with position number EW62E.  Attached as **Exhibit 1** to this Complaint is a copy of DSHS's letter of June 28, 2016.

3.3.    At the time his employment with DSHS started, Plaintiff notified the State that he was a member of the United States Army Reserve and there may be conflicts created because of deployments, active order, and drill weekends.  Attached as **Exhibit 2** to this Complaint is a copy of Plaintiff's May 2, 2016 "Notification of Outside Employment" provided to DSHS.

3.4.    Plaintiff's supervisor was Barbara "Joey" Frost, the Director of Organizational Development and Communications at ESH.

3.5.    Prior to his significant active-duty orders, Plaintiff received a salary increase and positive performance reviews.  Plaintiff's "Performance Evaluation" for the period of September 1, 2016 to August 31, 2017 included Frost's comments that "Robert's presence, dedication, knowledge and world experience is the reason that ESH Spiritual Care Services is highly regarded and well respected by patients, employees and community members - thank you Robert."  A copy of Plaintiff's Performance Evaluation as received by "DSHS Human Resources Region 1" on November 28, 2017 is attached to this Complaint as **Exhibit 3**.

3.6.    On June 20, 2018, Plaintiff was placed on active-duty orders.  Attached as **Exhibit 4** to this Complaint is a copy of Plaintiff's June 20, 2018, military orders.

Beck Chase Gilman PLLC
705 S. Ninth St., Suite 305
Tacoma, WA 98405
253.289.5104

3.7.    Upon being notified of his deployment, Plaintiff provided advance notice of his military service obligations to the State.

3.8.    The individual who had previously served as Plaintiff's intern, April Ross, was promoted to interim Chaplain while Plaintiff was on military orders.

3.9.    DSHS also employed an on-call Chaplain named Robert Hill who would provide Chaplin services as needed.

3.10.    On April 8, 2019, Plaintiff's active-duty orders extended his tour to a length of 709 days.  On May 5, 2020, Plaintiff's active-duty orders extended his tour by an additional 60 days with a new end date of August 29, 2020.  Plaintiff provided DSHS with notice of the changes to his military orders.  Attached as **Exhibit 5** to this Complaint is a stamped received by DSHS copy of Plaintiffs April 8, 2019, military orders extending his tour to a length of 709 days ending June 30, 2020.  Attached as **Exhibit 6** to this Complaint is email correspondence produced by DSHS in response to a Public Records Act Request where Plaintiff notified DSHS of the further extension of his military orders.  Attached as **Exhibit 7** to this Complaint is a copy of Plaintiff's May 5, 2020, military orders extending his tour to a length of 769 days ending August 29, 2020.

3.11.    The cumulative length of absence and all previous absences from a position of employment with Defendants due to military service did not exceed five years.

3.12.    Prior to Plaintiff's return to work with DSHS, the agency decided to permanently employ Ms. Ross to continue the same work that she was performing in Plaintiff's absence.

3.13.    While Plaintiff was absent from DSHS for military service obligations, the employees at the hospital openly spoke negatively about Plaintiff.   The declaration of Robert Hill is attached as **Exhibit 8** to this Complaint.  Hill observed:

> 9. As months progressed, Joey Frost and April Ross made increasingly negative comments about Robert Kinnune while he was still on leave.
>
> 10. Patients often asked about when Robert Kinnune would be returning to

BECK CHASE GILMAN PLLC
705 S. Ninth St., Suite 305
Tacoma, WA 98405
253.289.5104

1    ESH. Joey Frost instructed me to let them know that he was no longer here
     and to focus on the present.

2

3    11. In the months approaching Robert Kinnune's scheduled return, during
     monthly team meetings, Joey Frost and April Ross increasingly discussed
4    their desire to not bring Mr. Kinnune back into his position as Chaplain.

5    12. Joey Frost and April Ross made comments questioning what they would
     do with Robert Kinnune when he returned from military leave.

6
     13. Joey Frost stated that she had inquired into whether the hospital would be
7    required to reinstate Robert Kinnune as Chaplain after his military leave, and
     that she learned she would be required to rehire him. Joey Frost stated her
8    frustration with the news that she would be required to rehire Robert Kinnune
     after military service.
9

10       3.14.    Ms. Frost required Plaintiff to attend a work-related meeting on August 28, 2020,

11   while Plaintiff was still on active-duty military orders.

12       3.15.    During the meeting with Ms. Frost on August 28, 2020, Plaintiff was informed

13   that his position was changed from Chaplain to the position of "Religious Coordinator," that

14   there were new "work instructions/expectations [,]" and that he would have a different office

15   than the one he had prior to military service.   Plaintiff opposed these changes to his employment

16   position as they were a violation of law.  Ms. Frost responded by writing up Plaintiff for his

17   opposition and included irrelevant and harmful allegations in the write up concerning Plaintiff

18   inadvertently opening a restroom after knocking on the door and not hearing that anyone was

19   inside.  A copy of the written warning asserting that "corrective measures or disciplinary action"

20   may follow from Ms. Frost dated September 1, 2020, is attached as **Exhibit 9**.

21       3.16.    Plaintiff returned to work with the State officially on August 31, 2020.

22       3.17.    DSHS failed to return Plaintiff to the position of employment in which he would

23   have been employed if his continuous employment was not interrupted by military service or a

24   position of like seniority, status and pay.

25

Beck Chase Gilman PLLC
705 S. Ninth St., Suite 305
Tacoma, WA 98405
253.289.5104

3.18.    Plaintiff's job title and description were changed to the lesser position of Religious Coordinator.

3.19.    Plaintiff received significantly fewer job responsibilities and was assigned menial duties which Ms. Ross was not required to fulfill, including performing COVID screenings.

3.20.    Plaintiff's positions on the Ethics Committee and Crisis Response Team were retained by Ms. Ross upon Plaintiff's return.

3.21.    Plaintiff began experiencing a hostile work environment and negative treatment.

3.22.    Plaintiff reported these issues internally.  For example, on September 24, 2020, Plaintiff filed a written report with Human Resources entitled "Hostile Work Environment concerns at ESH."  A copy of this report is attached to the Complaint as **Exhibit 10**.  As part of this report, Plaintiff asks for an investigation into the situation.

3.23.    DSHS failed to follow its own policies and procedures on the investigation and remediation of discrimination and retaliatory work environments.

3.24.    Plaintiff asked the ESH Hospital CEO to meet with him regarding the concerns about discrimination, but then CEO Mark Kettner declined.  Through an email dated September 26, 2020, Plaintiff wrote CEO Kettner outlining the "hostile work environment that developed while [he] was gone" and described how no one at DSHS was assisting in addressing the work environment.  "[D]ue to this troubling situation and hostile work environment" Plaintiff requested "Governmental Service Leave without pay as allowable in the contract for up to 24 months."  Plaintiff requested leave to serve the Spokane County Sherriff Department of Chaplaincy during this period.

3.25.    DSHS granted Plaintiff the requested Governmental Service Leave.

Beck Chase Gilman PLLC
705 S. Ninth St., Suite 305
Tacoma, WA 98405
253.289.5104

3.26.    Plaintiff expected that during this absence, DSHS would investigate the violations of law previously reported so that he could return to the hospital and a lawful work environment. Instead, DSHS did not actually investigate the employment situation.

3.27.    In an email exchange between DSHS Human Resources employees, Shawnie VanLeeuwen and Amy Carlson on November 24, 2020, Ms. Carlson wrote:

> I know you are out sick today, hopefully you can find time tomorrow to assist me with an unsettling concern. I need to talk to you about investigations that Matt McCord recommended not proceeding with and Mark Kettner agreed to. Both cases are complaints of inappropriate conduct from employees against their immediate supervisor, who are both members of senior leadership. The two complainants were Robert Kinnune and [Redacted].

3.28.    The following day, November 25, 2020, Ms. Carlson further notes that there is still no written fact finding and she is "getting conflicting information from the employees involved." A copy of the email exchanges between Amy Carlson and Shawnie VanLeeuwen from November 24, 2020 and November 25, 2020 are attached to this Complaint as **Exhibit 11**.

3.29.    Matt McCord, mentioned above, met with Plaintiff and Hill regarding the employment concerns. Hill provided the same information to McCord as detailed in his attached declaration. Plaintiff outlined the violations of laws that he experienced from DSHS following his military service. Despite this evidence, McCord did not interview Ms. Frost or Ms. Ross as part of his claimed "investigation" and determined that there was no evidence of any legal violation.

3.30.    On September 14, 2021, ESH CEO Kettner resigned from employment due to his failure to investigate another DSHS employee, Joshua Phillips, who then later murdered a female employee of DSHS.

3.31.    On September 23, 2021, Plaintiff notified DSHS that because "Eastern State Hospital has not taken action to remedy this situation, Mr. Kinnune cannot return to the hospital at this time."

Beck Chase Gilman PLLC
705 S. Ninth St., Suite 305
Tacoma, WA 98405
253.289.5104

3.32.    Plaintiff received notification of separation on October 3, 2021, and he was terminated on October 19, 2021.

## IV.  First Cause of Action:
### Violation of the Protections Afforded by USERRA

4.1.    Plaintiff realleges and incorporates all allegations above.

4.2.    The Uniformed Services Employment Reemployment Rights Act of 1994 ("USERRA") prohibits discrimination, retaliation, and adverse employment actions by an employer against any employee as a result of their membership or service in the armed forces and provides noncareer uniformed service members a right to reemployment and just cause job protection upon return from active-duty service. *See* 38 U.S.C. §§ 4301-4333.

4.3.    Defendants' willful and unlawful conduct described in this complaint, including the failure to return Plaintiff to the position of employment in which the he would have been employed if his continuous employment was not interrupted by military service or a position of like seniority, status and pay, as well as the retaliation, and the creation of a hostile work environment, violated Plaintiff's rights under USERRA and he is entitled to all damages available under this statute, including but not limited to economic damages, double damage, attorneys' fees, costs of litigation and injunctive relief.

## V.  First Cause of Action:
### Violation of the Protections Afforded by The Washington Law Against Discrimination

5.1.    Plaintiff realleges and incorporates all allegations above.

5.2.    The Washington Law Against Discrimination ("WLAD") prohibits discrimination against employees related to their military status.

5.3.    Defendants' conduct described in this complaint constitutes discrimination and retaliation in violation of Plaintiff's rights under the WLAD.

Beck Chase Gilman PLLC
705 S. Ninth St., Suite 305
Tacoma, WA 98405
253.289.5104

1              **VI. Prayer for Relief and Jury Demand:**

2       6.1.    Plaintiff realleges and incorporated all allegation above and asks the Court for the

3 following relief:

4            A.    For judgment against Defendants for all actual and compensatory, economic

5               and noneconomic, general and special damages as allowed by law;

6            B.    For all injunctive, declaratory, or punitive relief as authorized by law,

7               including but not limited to liquidated, double, or other damages;

8            C.    For all costs, expenses of litigation, interest, and reasonable attorneys' fees

9               as allowed by law;

10            D.    For an enhanced award for federal tax consequences to make Plaintiff

11               whole;

12            E.    For trial by jury; and

13            F.    For any and all other relief as the Court deems just and equitable.

14     Dated November 16, 2022.

15                     **Beck Chase Gilman** PLLC

16

17                 By:    /s/ James W. Beck
                   James W. Beck, WSBA No. 34208
                   james@bcglawyers.com | D 253.289.5122

18                    Eric D. Gilman, WSBA No. 41680
                   eric@bcglawyers.com | D 253.289.5108

19                    Janelle E. Chase Fazio, WSBA No. 51254
                   janelle@bcglawyers.com | D 253.289.5136

20                    Attorneys for Plaintiff Robert T. Kinnune

21

22

23

24

25

Beck Chase Gilman PLLC
705 S. Ninth St., Suite 305
Tacoma, WA 98405
253.289.5104

# EXHIBIT 1



**STATE OF WASHINGTON**
DEPARTMENT OF SOCIAL AND HEALTH SERVICES
Behavioral Health Administration
Eastern State Hospital
B32-23 • P.O. Box 800, Maple Street • Medical Lake, WA 99022-0800 • (509) 565-4000

June 28, 2016

Mr. Robert Kinnune
21310 E. Queen Avenue
Otis Orchards, Washington   99027

Dear Mr. Kinnune:                                    CORRECTED LETTER

Congratulations on your probationary appointment as Chaplain in the Behavioral Health
Administration, Eastern State Hospital, with the Department of Social and Health
Services (DSHS) to position number EW62E, effective May 2, 2016.

In accordance with the Washington Federation of State Employees (WFSE) Collective
Bargaining Agreement (CBA), permanent status is achieved upon successfully
completing a six (6) month probationary period.  The probationary period may be
extended, not to exceed twelve (12) months.  DSHS will extend a probationary period on
a day-for-day basis for any day(s) that the employee is on leave without pay or shared
leave, except for leave taken for military service. You will be notified in writing if your
probationary period is extended.

Pertinent details about your appointment are noted below:
| | |
|---|---|
| *Salary:* | *$4,678.00 Range 51, Step L, Per Month* |
| *Probationary Period:* | *6 months* |
| *Work Shift/Schedule:* | *Full-time, 8:00 am – 4:15 pm, Friday and Saturday off* |
| *Workweek Start Time:* | *Sunday, 12:00 a.m.* |
| *Workweek End Time:* | *Saturday, 11:59 p.m.* |
| *Overtime Eligibility Designation:* | *Overtime Exempt* |
| *Periodic Increment Date:* | *5/2/2022* |
| *Receipt of Benefits:* | *Eligible to receive Benefits * (See Enclosure)* |
| *Bargaining Unit:* | *Washington Federation of State Employees (WFSE)* |
| *Supervisor:* | *Ronda Kenney* |
| *Official Workstation:* | *850 West Maple Street, Medical Lake, WA 99022* |

* If you disagree with a decision about eligibility or enrollment that affects you or a
dependent, submit a request for review with your employing agency within 30 days of
your agency's denial notice.  Please refer to http://www.pebb.hca.wa.gov/appeals.html
for more information.

As a condition of employment, you are a member of the above referenced bargaining unit
and you are required to comply with the terms of that agreement.

| For Imaging Only | Personnel ID | Doc Date | Section | Doc Type | Sub Doc Type |
|---|---|---|---|---|---|
| | 20092938 | 05022016 | Prsnl Actions | Ltr | Appt Letter |

202107-PRR-161
HRD Installment 01
039

KinnunePRA_000190

The Department of Social and Health Services (DSHS) has developed extensive Emergency Operations Plans (EOP) for each of its administrations and geographic locations. These plans are federally required and will be implemented should a recognized emergency occur of such scope (such as a pandemic influenza outbreak) that DSHS operations would be disrupted for an extended period.

Each administration was required to identify the vital services that DSHS must continue to deliver during a recognized emergency and the "Emergent Positions" required to support delivery of these services.

Your position has been identified as an "Emergent Position". This may be due to the duties you normally perform in your position or due to specialized duties you may perform during a recognized emergency. This means that during a recognized emergency, your position will play a critical role to ensure the continuity of DSHS programs and service delivery.

As the incumbent of an Emergent Position, you may be required, without normal notice periods, to do the following during a recognized emergency:

- Report for duty on short notice for a specified timeframe.
- Report for duty outside of your scheduled work hours and workdays.
- Report to a duty station that is different from your official duty station.
- Perform work tasks outside your normal scope of duties.

Your duties during a recognized emergency, if different from your normal duties, will be temporary in nature, lasting only as long as necessary to resume normal operations.

Please contact your supervisor with questions you may have regarding expectations during an emergency event. Should you be unable to perform the functions as explained to you, notify your supervisor so your administration may review that portion of their plan. DSHS employees can always be counted upon to put the needs of others before their own. Your support of the DSHS Emergency Operations Plan is another example of that resourcefulness and dedication.

General appointment information is enclosed; **please take time to carefully study this information.** In the event you have questions concerning your appointment, please contact your Human Resources Representative, Cindee Thomas at (509) 565-4472 or thomasci@dshs.wa.gov.

Best wishes in your appointment.

Sincerely,

Dorothy L. Sawyer, FACHE
Chief Executive Officer
Eastern State Hospital

cc:   Supervisory and Personnel File

202107-PRR-161
HRD Installment 01
040

KinnunePRA_000191

# Exhibit 2

**Washington State Department of Social & Health Services**

**Notification of Outside Employment**

DATE _5/2/2016_

EMPLOYEE'S NAME _Kinnune, Robert T._

PERSONNEL ID NUMBER

JOB TITLE _Chaplain_

SECTION OR OFFICE

DIVISION

NAME OF (PROPOSED) OUTSIDE EMPLOYER _U.S. Army_

HOURS PER WEEK _1 weekend/month_ DATE OF EMPLOYMENT _9 (SEP) 1990_

ADDRESS OF OUTSIDE EMPLOYER (PHYSICAL ADDRESS)

CITY

STATE

ZIP CODE

JOB TITLE _Chaplain_

LOCATION OF EMPLOYMENT _Federal_

☐ New outside employment  ☒ Currently engaged in outside employment  ☐ Annual Review

DESCRIPTION OF DUTIES _Provide for Free exercise of religion in the military._

|   |   | YES | NO |
|---|---|---|---|
| 1. | Is the employer a client of any division of the Department of Social and Health Services (DSHS)? | ☐ | ☒ |
| 2. | Does the employer do business with DSHS? | ☐ | ☒ |
| 3. | Does the employer advocate or publicize practices or methods that would attempt to influence policies of DSHS or any of its divisions? | ☐ | ☒ |
| 4. | Does this job involve activities which are normally a part of your responsibilities with DSHS? | ☐ | ☒ |
| 5. | Is there any other factor which could be a potential conflict with your responsibilities as a DSHS employee? | ☒ | ☐ |

6. Explain ALL of your YES answers:

_#5: Deployments + Active Orders + Drill weekends._

I understand that this notification of outside employment will be made a part of my personnel file.

EMPLOYEE'S SIGNATURE

DATE _5/2/2016_

**SUPERVISOR REVIEW**

☐ NO CONFLICT  ☐ CONFLICT

SIGNATURE

DATE

**ASSISTANT SECRETARY / DEPUTY ASSISTANT SECRETARY / SENIOR DIRECTOR / DIVISION DIRECTOR / INSTITUTIONAL SUPERINTENDENT / HOSPITAL CHIEF EXECUTIVE OFFICER REVIEW**

☒ NO CONFLICT  ☐ CONFLICT

APPOINTING AUTHORITY'S SIGNATURE _Ronda Kenney_

DATE _05-04-16_

REASON IF DEEMED IN CONFLICT (I.E., INTERFERES WITH JOB PERFORMANCE, ETC.)

**APPOINTING AUTHORITY'S IMMEDIATE SUPERVISOR RECONSIDERATION REVIEW (FOR APPEAL OF REQUESTS DEEMED IN CONFLICT ONLY)**

FOLLOW-UP ACTION REQUIRED FOR IN CONFLICT DETERMINATION

☐ NO CONFLICT  ☐ CONFLICT

APPOINTING AUTHORITY'S SUPERVISOR'S SIGNATURE

DATE

| FOR IMAGING ONLY | PERSONNEL ID | DOC DATE | SECTION | DOC TYPE | SUB DOC TYPE | HR REP |
|---|---|---|---|---|---|---|
|  | 20092938 | 5-4-16 | Training | Form | Outside Employment | Denise Ferrell |

DSHS 03-023 (REV. 08/2014)

ORIGINAL to Employee Personnel File        COPIES to Employee and Immediate Supervisor

# EXHIBIT 3

| FOR IMAGING ONLY | PERSONNEL ID | DOC DATE | SECTION | DOC TYPE | SUB DOC TYPE | HR REP |
|---|---|---|---|---|---|---|
| | 20092938 | 11222017 | Performance | Form | Performance Eval | K. Gustafson |

## Performance Evaluation

Washington State
Department of Social
& Health Services

An important part of successful performance management is the ongoing conversation between employee and manager. Thoughtful and performance-based feedback promotes employee engagement and productivity which supports the Department of Social and Health Services' (DSHS) mission. Managers and employees are encouraged to capture accomplishments and progress at the end of the review cycle and throughout the year.

| EMPLOYEE'S NAME (LAST, FIRST, MI) | TITLE | PURPOSE OF REVIEW |
|---|---|---|
| Kinnune, Robert | Chaplain | ☒ Annual Review |
| EMPLOYEE IDENTIFICATION NUMBER | ADMINISTRATION / DIVISION | ☐ Trial Service Review |
| 20092938 | DSHS/BHA/ESH | ☐ Probationary Review ☐ Other (specify): |
| Performance Period: September 1, 2016 to August 31, 2017 | | |

DSHS Human Resources
Region 1

NOV 28 2017

RECEIVED

**Completed by the Evaluator**

1. Generally, how does this position support the agency mission of "Transforming Lives"?

Robert supports the mission of "Transforming Lives" by providing spiritual care through the ministries of presence, listening, and dialogue with patients, families and employees. He assists in redefining critical issues and sorts out misunderstandings. Robert helps patients, families and employees reevaluate values and beliefs that give meaning to life and relationships. He facilitates listening so that all parties (patients, employees etc.) are involved, feel valued and understood. Robert is a mediator and advocate for ESH patients and employees. He facilitates the mental, physical and emotional well-being as a priority for living and working. He provides encouragement and hope to all he serves.

2. What are the specific expectations (key results and competencies) established in support of the Administration's mission by:

   1) Welcomes individuals with other beliefs and points of view, and demonstrates civility practices: we are kind, we are considerate, we show respect and we value differences

   2) Has knowledge of public/private views and social distinctiveness that includes awareness of personal biases and assumptions

   3) Demonstrates ethical behavior in personal and professional life

   4) Understands and demonstrates competency in the creation and delivery of relevant programs – that incorporates the ESH strategic plan, policies and procedures, the Joint Commission accreditation and Centers for Medicare and Medicaid certification standards - to include an evidence-based practice approach involving clinical expertise, recovery model principles and administrative support

   5) Articulates an interfaith understanding of spiritual care, that considers a (mind, body, spirit) approach to our patients and employees

   6) Communicates respectfully with patients and their families, employees, and visitors

   7) Demonstrates the ability to be present, attentive and receptive so that others feel understood and heard

   8) Creates a safe and trusting environment and fosters a sense of connection, belonging and hope

   9) Understands information from all levels and functions within DSHS/BHA/ESH and communicates correct meaning directly to others

Note: Once the performance evaluation is completed and signed by all parties in the order indicated, it is the evaluator's responsibility to provide a copy to the employee and provide the original to Human Resources.

202107-PRR-161
HRD Installment 01
056

KinnunePRA_000207

10) Managing one's own reactions, and appropriately responds to others' behaviors

11) Continuously develops an understanding of the ESH Strategic Plan in correlation to program consideration and development, to eliminate non-value added activities

12) Promote and model ESH core values – Diversity and inclusion, Commitment to Service, Culture of respect, Honesty and Integrity, Pursuit of Excellence and Open Communication.

13) Provides pertinent department data to support specific program value, relevance and continuation

14) Understands and supports the challenges of working for a public agency that is directed by legislation with due processes, a complex system of rules and procedures, limited resources, that can be slow in the making

---

3. The employee met the expectations (key results and competencies) established in support of the Administration's mission by:

1) As chaplain, Robert works with multiple patients, families and employees of diverse spiritual practices and religions. His ability to employ civility practices while engaging with individuals who exercise traditional, non- conventional, non-denominational, and at times may be perceived controversial customs and/or rituals, *(as evidenced by the Spiritual Care Monthly Report and Treatment Tracking Program data)* support his competence in representing and maintaining civility standards toward all he encounters.

2) Robert's vast knowledge base and experience through multiple avenues – the military, police department, juvenile justice system has advanced Eastern State Hospital's (previously referred to as "Chaplain") to an actual department that encompasses numerous factors. We now reference "Chaplain" as "Spiritual Care Services" to capture the broader range of services provided. In addition, his focus, compassion and vision for the Spiritual Care Services department have elevated ESH Spiritual Care Services to a level of excellence not available previously.

3) Robert is an active member of the Ethics committee, his life and work experience brings "fresh eyes" to this long-standing committee. He is able to address both clinical and organizational ethics issues and help identify systems – level factors that may induce or exacerbate ethical concerns and/or impede resolution.

4) Last year Robert struggled with department level leadership (especially nursing) regarding the value and importance of Spiritual Care Services for patients. He has broken down those barriers by attending department meetings to address their concerns and explain all the different elements of the Spiritual Care Services department, including how they support the treatment team and patient recovery. Under his guidance, spiritual care services provide patient – centered groups at the treatment mall. Re-established weekly Alcoholics Anonymous (AA) and Nicotine Anonymous (NA) *(which is so timely due to the no tobacco use in patient care areas initiative going into effect November 16, 2017)* programs for APU, GPU, and FSU. Both community-based groups are having a positive impact for the patients and the hospital, which supports our strategic plan patient-centered care pillar and staff and partners pillar.

5) In accordance to the Governor's executive directive regarding wellness, Eastern State Hospital's department of Organizational Development/Communications restructured the previous "Wellness Committee" to expand its purpose by addressing the physical, mental, financial, and spiritual elements associated with the overall health of ESH employees. Robert is a member of the Employee Engagement and Wellness Committee – his focus is initiatives, Spiritual/Emotional Wellness and Critical Incident Stress Management (CISM) team. Under Robert's recommendations and coordination, CISM has re-structured with a new concept, expectations, and training.

---

Note: Once the performance evaluation is completed and signed by all parties in the order indicated, it is the evaluator's responsibility to provide a copy to the employee and provide the original to Human Resources.

PERFORMANCE EVALUATION
DSHS 03-485 (REV. 08/2015)

Page 2 of 5
202107-PRR-161
HRD Installment 01
057

KinnunePRA_000208

Each team member earns a certificate verifying training in individual and group techniques. Members of the team are front line staff (*clinical and non-clinical*) with a peer-to-peer approach addressing hospital and employee specific responses, to ensure that both have the support needed to process traumatic events including proper referrals.

6) Robert solicited Whitworth University and Gonzaga University to place chaplaincy/theology student interns at Eastern State Hospital. We now have three interns under the guidance and direction of Robert who are expanding services offered by Spiritual Care Services, in addition to changing the community's perception of ESH.

4. If this position has specific workload or production metrics or outcomes:

a. Describe the metrics or outcomes

Robert is now providing monthly reports to capture Spiritual Care Services programs and patient attendance, based on Treatment Team Tracking program and department specific tracking process. The growth and impact of this department is astonishing.

| Eastern State Hospital Spiritual Care Monthly Report | | Transforming Lives |
| --- | --- | --- |

Total Numbers from the Spiritual Care Team for September 2017

| Worship Services | Month | |
| --- | --- | --- |
| | Events | Attendance |
| Non-Denominational | 38 | 379 |
| Catholic | 1 | 3 |
| Other | | |
| Totals | 39 | 382 |

| Pastoral Counseling | HMH | Bravo | Delta | Echo | 1S1 | 2S1 | 3S2 | 2N3 | 1N1 | 2N1 | 3N1 | Monthly Totals |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Faith | 16 | 17 | 15 | 20 | 8 | 14 | 11 | 19 | 25 | 28 | 34 | 207 |
| Peer Relationships | 2 | 1 | 2 | 3 | 4 | 2 | 1 | 0 | 2 | 1 | 5 | 23 |
| Staff Relations | 3 | 1 | 3 | 1 | 1 | 0 | 0 | 0 | 1 | 1 | 2 | 13 |
| Family | 6 | 5 | 7 | 4 | 2 | 3 | 2 | 4 | 9 | 9 | 12 | 63 |
| Medical/Diagnosis | 1 | 0 | 2 | 1 | 1 | 1 | 1 | 2 | 2 | 0 | 1 | 12 |
| Treatment Plans/Recovery | 2 | 3 | 1 | 3 | 1 | 5 | 3 | 1 | 4 | 3 | 6 | 32 |
| Next Home/Release | 4 | 5 | 6 | 4 | 4 | 5 | 3 | 7 | 7 | 4 | 4 | 53 |
| Depression/Anxiety | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 1 | 3 |
| Past Trauma | 0 | 2 | 1 | 0 | 1 | 0 | 1 | 0 | 3 | 0 | 3 | 11 |
| Vocation/Life Goals | 4 | 6 | 5 | 3 | 4 | 4 | 5 | 6 | 4 | 4 | 4 | 49 |
| Addictions/Smoking Cessation | 7 | 7 | 8 | 6 | 7 | 7 | 8 | 7 | 6 | 10 | 7 | 80 |
| End of Life | 0 | 1 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 2 |
| Total | 45 | 48 | 52 | 45 | 33 | 41 | 35 | 46 | 64 | 60 | 79 | 548 |

| Active Treatment/Classes | Monthly | | | Totals | |
| --- | --- | --- | --- | --- | --- |
| | GPU | FSU | APU | Events | Attendance |
| Treatment Mall Hope Group | 4 | 4 | 4 | 12 | 76 |
| On Ward | 0 | 0 | 0 | 0 | 0 |
| Total | | | | 12 | 76 |

| Other Ministry Efforts/Comments | Monthly | | | Totals | |
| --- | --- | --- | --- | --- | --- |
| | GPU | FSU | APU | Events | Attendance |
| AA/NA Groups with Volunteers | 2 | 0 | 1 | 3 | TBD |
| Patient Led "12 Step Study" Group | 0 | 2 | 0 | 2 | TBD |
| NicA Groups/With NicA Volunteers | 0 | 2 | 2 | 0 | TBD |
| Total | | | | 5 | TBD |

A 2017 performance expectation for Robert was - provide monthly reports to verify a depiction of Spiritual Care Services support mechanisms and outreach. Robert exceeded the expectation in terms of specific identifying categories and outcomes that are now available for department and hospital specific reports.

b. Did the employee meet the metrics or output requirements? ☒ Yes ☐ No

Note: Once the performance evaluation is completed and signed by all parties in the order indicated, it is the evaluator's responsibility to provide a copy to the employee and provide the original to Human Resources.

202107-PRR-161
HRD Installment 01
058

KinnunePRA_000209

If no, what will you and the employee do differently next cycle to meet the requirements?

5. For the next evaluation cycle, based on the position's major responsibilities, what are the performance expectations for the next review period?

1) Higher-level involvement on the ethics committee to promote ethical leadership behaviors that can impact the overall attitude and performance of employees - by stressing the importance of ethics in our organization and explaining/teaching to all employees how ESH core values inspire strategic planning and hospital decisions.

2) Involved in creating standardized Organizational Department/program specific protocols/processes to address and alleviate the current "back door" approach by ESH employees

3) A 2015 expectation carried forward – assist with content for marketing materials for Spiritual Care Services

4) Collaborate with the Director of OD and Education Services to develop a training/education regarding ESH CISM team

5) Provide input and recommendations toward the creation of an employee handbook, specifically dealing with Core Values, Civility, Ethics, Diversity and Inclusion.

6) Assist and support volunteer services to increase the number of active volunteers from September 1, 2017 - August 31, 2018 by 10%

7) Participate on a workgroup to recommend strategies, objectives and tactics to engage employees' involvement toward Employee Engagement and Wellness

6. What developmental activities or learning opportunities should the employee focus on for the next review period?

1) To ensure compliance with the ESH Strategic Plan and Pillars of Success when considering or recommending changes to a current program/process and/or a new program/process follow these steps:

a. First pursue support from your direct supervisor

b. Submit a program proposal (if a current program) with noted additions/changes that verifies any relevant DSHS/BHA/ESH policies and protocols were researched and reviewed, including regulatory standards, industry best practice, proper protocols and if appropriate subject matter experts/leaders - to eliminate non-valued added activities that do not support the direction and/or focus of the hospital.

**Completed by the Employee**

7. During this last evaluation period I was encouraged to engage in activities and share my ideas, such as:

8. What suggestions do you have regarding how your supervisor and/or agency management may better support you in your present job as well as your future career goals?

Note:  Once the performance evaluation is completed and signed by all parties in the order indicated, it is the evaluator's responsibility to provide a copy to the employee and provide the original to Human Resources.

202107-PRR-161
HRD Installment 01
059

KinnunePRA_000210

| This report is based on my best judgment. | | |
|---|---|---|
| EVALUATOR'S SIGNATURE | DATE | PRINTED NAME |
| *Barbara Joey Frost* | 10/25/2017 | Barbara "Joey" Frost |

EVALUATOR'S ADDITIONAL COMMENTS

Robert's presence, dedication, knowledge and world experience is the reason that ESH Spiritual Care Services is highly regarded and well respected by patients, employees and community members - thank you Robert.

| I have reviewed this report and, in my judgment, the process has been followed. | | |
|---|---|---|
| REVIEWER'S SIGNATURE | DATE | PRINTED NAME |
| *Dorothy L. Sawyer* | 11-9-17 | Dorothy L. Sawyer |

REVIEWER'S ADDITIONAL COMMENTS

*Robert, your focus on hope and spiritual well-being for patients at ESH is transforming lives for both staff and patients.*

| I understand and acknowledge the mission of DSHS and the expectation to support that mission. | | |
|---|---|---|
| EMPLOYEE'S SIGNATURE | DATE | PRINTED NAME |
| *[signature]* | 11/22/17 | *Robert V. Kinnune* |

EMPLOYEE'S ADDITIONAL COMMENTS

*Serving here at E.S.H. is an honor.*

Note: Once the performance evaluation is completed and signed by all parties in the order indicated, it is the evaluator's responsibility to provide a copy to the employee and provide the original to Human Resources.

202107-PRR-161
HRD Installment 01
060

KinnunePRA_000211

# EXHIBIT 4

DEPARTMENT OF THE ARMY
U.S. ARMY HUMAN RESOURCES COMMAND
1600 SPEARHEAD DIVISION AVENUE
FORT KNOX, KY 40122

20 JUN 2018

AHRC-PLO
ORDERS: HR-8171-00023

KINNUNE ROBERT THEODORE          TRF          MAJ CH 539 72 8081
21310 E QUEEN AVE                             W70WAA
OTIS ORCHARDS WA 99027-9238

YOU ARE ORDERED TO ACTIVE DUTY FOR OPERATIONAL SUPPORT UNDER PROVISION OF SECTION 12301 (D),
TITLE 10 UNITED STATES CODE FOR THE PERIOD SHOWN PLUS THE TIME NECESSARY TO TRAVEL. YOU WILL
PROCEED FROM YOUR HOME OR CURRENT DUTY LOCATION IN TIME TO REPORT FOR DUTY ON THE DATE SHOWN
BELOW. UPON COMPLETION OF THIS DUTY, UNLESS SOONER RELEASED, YOU WILL RETURN TO YOUR HOME
AND UPON ARRIVAL BE RELEASED FROM ACTIVE DUTY.

RPT TO: W0VC USAG FT HOOD W0VCAA FT HOOD TX 76544-0000
REPORT DATE: 23 JUL 2018
PERIOD OF ACTIVE DUTY:365 DAYS INCLUDING ACCUM LEAVE END DATE: 22 JUL 2019
PURPOSE: CONTINGENCY OPERATION FOR ACTIVE DUTY OPERATIONAL SUPPORT (CO-ADOS) IN SUPPORT OF
OEF-CSB
ATT TO: W0VN USAG FT CARSON W0VNAA FT CARSON CO 80913-0000
DUTY AT: FT CARSON, CO

ADDITIONAL INSTRUCTIONS:  ATTACH FOR UCMJ, ADMIN, AND PAY. OFF WILL BE EXCLUDED FROM THE
ACTIVE ARMY END STRENGTH IAW 10 USC 115 AND WILL NOT BE PLACED ON THE ADL UP 10 USC
641(1)(D) AND 620(A). SOLDIER WILL CONTACT SERVICING FINANCE OFFICE FOR INPROCESSING EARLY
REPORTING NOT AUTH. SOLDIER WILL REPORT FOR ACCESSION TO THE LOCATION INDICATED. UPON
COMPLETION, SOLDIER WILL PROCEED TO DUTY LOCATION. ALL OFCL TVL MUST BE ARRANGED THRU
CARLSON TVL (1-800-709-2190) OR THE NEAREST SATO. TICKET PURCHASED AT OWN EXPENSE WILL NOT
BE REIMB W/O REQ JUSTIFICATION. HRC DOES NOT FUND TRAVEL ON THIS ORDER. PAY WILL BE
PROCESSED IN DJMS-RC. MVMT OF HHG TO AND FROM PLEAD AT GOVT EXP, CONTACT NEAREST MIL INSTL
TRANS OFC FOR PICK-UP AND DELIVERY. CONTACT HOUSING OFC OF THE GAINING INSTL BEFORE BUYING
OR LEASING OFF POST. SUBMIT CONTINGENCY CLAIM THRU DEFENSE TRAVEL SYSTEM (DTS) BY
CONTACTING LOCAL DTS ADMINISTRATOR OR DFAS-IN CONTINGENCY TRAVEL DEPARTMENT, WHICHEVER IS
APPLICABLE. SM HAS ELECTED PERMANENT CHANGE OF STATION (PCS) MOVE DURING THIS ASSIGNMENT
AND IS AUTH MVMT OF DEPNS AND HHG.  RC SOLDIERS MUST RETURN TO DEMOB SITE TO REFRAD IAW
CURRENT BOG POLICY NLT 39 DAYS PRIOR TO END OF MOBILIZATION/ACTIVATION/TCS ORDERS IN ORDER
TO OUT PROCESS AND TAKE AUTHORIZED LEAVE. THIS AD PERIOD IS EXEMPT FROM THE 5 YEAR
CUMLATIVE SERV LIMIT ON REEMPLOYMENT RIGHTS UNDER TITLE 38, USC, SEC 4312(C)(4)(B). CBA
AUTHORIZED FOR TRAVEL (VARIATION NOT AUTHORIZED). TVL BY POV AUTHORIZED IAW JTR.

FOR ARMY USE: AUTHORITY: 10 USC 12301 (D)
ACCT CLAS: 21 8/9/0 2010.0000 01-1100 1A100000 11**/12** VFRE 01FFGU S12120 KIN8081PJ00023 C
IC: 2B8KIN8081PJ000

MDC: 3GO8          HOR: SAME AS SNL                                        PMOS/AOC: 56A
SEX: M             PPN: N/A         COMP: USAR                             BASIC BR: CH
DORRES: 07 MAR 2012                 PEBD: 17 SEP 1990     RES GR: MAJ
FORMAT: 162                                               SCTY CL: SECRET
FOR THE SECRETARY OF THE ARMY:

**************
*    AHRC    *                                     WILLIAM C. KUTTLER JR.
*  OFFICIAL  *                                     SENIOR OPERATIONS OFFICER,
**************                                     G-3

DISTRIBUTION: 1 SOLDIER
 1 W0VC USAG FT HOOD FT HOOD TX 76544-0000
 1 W70W 0104 DIV LEADER TRAINING SSG COBY G SCHWAB US ARMY RESERVE CENTER  JBLM LEWIS WA
98433-5000
 1 W0VN USAG FT CARSON FT CARSON CO 80913-0000

Scanned with CamScanner
Kinnune_000106

# EXHIBIT 5



RECEIVING

JUN 05 2019

PAYROLL

DEPARTMENT OF THE ARMY
U.S. ARMY HUMAN RESOURCES COMMAND
1600 SPEARHEAD DIVISION AVENUE
FORT KNOX, KY 40122

AHRC-PLO                                                    08 APR 2019
ORDERS: HR-8171-00023A01

KINNUNE ROBERT THEODORE              MJB         MAJ CH 539 72 8081
21310 E QUEEN AVE                                W70WAA
OTIS ORCHARDS WA 99027-9238


THE FOLLOWING ORDER IS AMENDED AS INDICATED:

SO MUCH OF: FORMAT: 162 HR-8171-00023 DATED 20 JUN 2018 IS FURTHER AMENDED.

PERTAINING TO: ORDER TO ACTIVE DUTY
              KINNUNE ROBERT THEODORE
              ███████████ MAJ CH

AS READS:
  TOUR LENGTH: 365
  END DATE: 22 JUL 2019

HOW CHANGED:
  TOUR LENGTH: 709
  END DATE: 30 JUN 2020


FOR ARMY USE: AUTHORITY: 10 USC 12301 (D)
ACCT CLAS: 21 9/0/1 2010.0000 01-1100 1A100000 11**/12** VFRE 01FFGU S12120 KIN8081PJ00023 C
 IC: 2B9KIN8081PG23A

FORMAT: 700

**************
*   AHRC    *                                    WILLIAM C. KUTTLER JR.
*  OFFICIAL *                                    SENIOR OPERATIONS OFFICER,
**************                                   G-3

DISTRIBUTION: 1 SOLDIER
 1 W0VN USAG FT CARSON FT CARSON CO 80913-0000
 1 W70W 0104 DIV LEADER TRAINING SSG COBY G SCHWAB US ARMY RESERVE CENTER  JBLM LEWIS WA
98433-5000

**Scanned with CamScanner**

202107-PRR-161 FFA
Installment 1 000006

# Exhibit 6

From:     Robert <rs_kinnune@yahoo.com>
To:       Frost, B. Joey (DSHS/ESH)frostbj@dshs.wa.gov
CC:       Kinnune, Robert T MAJ USARMY MEDCOM EACH (USA)robert.t.kinnune.mil@mail.mil
          Carlson, Amy Jo (DSHS/HRD)carlsaj@dshs.wa.gov
          Kettner, Mark A (DSHS/ESH)mark.kettner@dshs.wa.gov
          Kenney, Ronda (DSHS/ESH)kenneyro@dshs.wa.gov
Date:     5/11/2020 8:08:06 PM
Subject:  Re: CH Robert Kinnune 60 day extension due to COVID19 https://www.facebook.
          com/watch/?v=3018066624939058&external_log_id=cd60a095ae2006e2d91c890ef6878832 &q
          20chapel (UNCLASSIFIED//FOUO)

---

Hi Joey,
How are you doing?
Please use my home of record address.
21310 E Queen Ave.
Otis Orchards, WA. 99027
What type of information?
If it is able to be emailed, please feel free to do so.
In Christ,
Robert

God Bless America.

> On May 11, 2020, at 6:55 PM, Frost, B. Joey (DSHS/ESH) <frostbj@dshs.wa.gov> wrote:
>
> Robert,
   Than  yo  fo  th  update  Pleas  provid  you  curren  addres  wher  w  ca  sen  yo  additiona
information


  JOE  FROS   DIRECTO  ORGANIZATIONA DEVELOPMEN  an  COMMUNICATIONS
Easter  Stat  Hospital
Washingto  Stat  Departmen  o  Socia  an  Healt  Services Behaviora Healt  Administration
(O  509-565-435  (C  509-991-174  joey.frost@dshs.wa.go
Transformin  Lives


  -----Origina  Message-----
  From Kinnune  Rober   MA  USARM  MEDCO  EAC  (USA <robert.t.kinnune.mil@mail.mil
  Sent Monday  Ma  11  202  5:3  PM
  To Carlson  Am  J  (DSHS/HRD <carlsaj@dshs.wa.gov> Kettner  Mar    (DSHS/ESH <mark.
kettner@dshs.wa.gov> Kenney  Rond  (DSHS/ESH <kenneyro@dshs.wa.gov> Frost  B  Joe
(DSHS/ESH <frostbj@dshs.wa.gov>
  Cc  Rober  Kinnun  <rs_kinnune@yahoo.com>
  Subject  C  Rober  Kinnun  6  da  extensio  du  t  COVID1  https://www.facebook.
com/watch/?v=3018066624939058&external_log_id=cd60a095ae2006e2d91c890ef6878832 &q=heal
er%20chape  (UNCLASSIFIED//FOUO)

  CLASSIFICATION  UNCLASSIFIED//FO   OFFICIA  US   ONLY

  Greeting  Mark  Joey  Rond  an  Am  Jo,
    hop  an  pra  thi  emai  find  eac  o  yo  an  you  love  one  doin  well.
                              202107-PRR-161 ESH 010252

> I am very sorry to hear of our sad loss of our fellow ESH team member.

> Please know that although I am far away, you all are in my daily prayers.

> This challenging season of COVID19, and the travel restrictions, have caused difficulties in my getting home.

> Thus, the Army has extended my orders by 60 days (Please see attached updated Army orders).

> These orders will end on the 29th of AUG, and the next day is a Sunday (where I would request to use the personal holiday).

> If that is approved, I would be able to start back to work at ESH that Monday, the 31st of AUG.

> I miss the ministry there at the hospital, and am praying for the current pastoral care team to be empowered by God to rise up and care spiritually for our patients and our ESH Team.

> Stay safe and encouraged that you are right where you are supposed to be in this fight against fear and against this pandemic.

> God Bless,

> CH Robert Kinnune

> PS/ here is a link to some of the messages we have been streaming from Healer Chapel on Fort Carson. https://www.facebook.com/watch/?v=3018066624939058&external_log_id=cd60a095ae2006e2d91c890ef6878832 &q=healer%20chapel

>

> God Speed,

> Chaplain (MAJ) Robert Kinnune

> Evans Army Community Hospital

> Deputy Chief of Ministry and Pastoral Care Room 1031 Fort Carson, CO

> O: 719-526-7412/7386

> C: 509-499-0778

> robert.t.kinnune.mil@mail.mil

>

> "All I have seen teaches me to trust the Creator for all I have not seen."

> - Ralph Waldo Emerson

>

> James 1:17

> Every good and perfect gift is from above, coming down from the Father of the heavenly lights, Who does not change like shifting shadows.

>

>

> -----Original Message-----

> From: Kinnune, Robert T MAJ USARMY 4 ID 3 ABCT (USA)

> Sent: Wednesday, January 9, 2019 3:08 PM

> To: Carlson, Amy (DSHS/HRD) <carlsaj@dshs.wa.gov>

> Cc: Robert <rs_kinnune@yahoo.com>

> Subject: RE: [Non-DoD Source] Robert Kinnune Possible switch to PSRS retirement from PERS2

>

> Hi Amy Jo,

>

> I left you a message on the way back from lunch.

>

> I hope this email finds you doing well.

>

> Please let me know if their is an appeal process to the decision that Spiritual Care personnel are not authorized to transfer.

>

> I believe the factors (risk) that allow anyone to transfer over to PSRS do fit within the amount of client-contact time we have with our patients; including FSU and all patients.

>

> When I am there, I am on the wards and have much contact with all patients; and knowingly accept those risks that come along with direct care.

KinnunePRA_001436

# EXHIBIT 7

DEPARTMENT OF THE ARMY
U.S. ARMY HUMAN RESOURCES COMMAND
1600 SPEARHEAD DIVISION AVENUE
FORT KNOX, KY 40122

AHRC-ROR-MOB                                                    05 MAY 2020
ORDERS: HR-8171-00023A02

KINNUNE ROBERT THEODORE              MJB        MAJ CH 539 72 8081
21310 E QUEEN AVE                               W70WAA
OTIS ORCHARDS WA 99027-9238

THE FOLLOWING ORDER IS AMENDED AS INDICATED:

SO MUCH OF: FORMAT: 162 HR-8171-00023 DATED 20 JUN 2018 IS FURTHER AMENDED.

PERTAINING TO: ORDER TO ACTIVE DUTY
               KINNUNE ROBERT THEODORE
               539 72 8081 MAJ CH

AS READS:
  DEMOBSTATION: N/A
  END DATE: 30 JUN 2020
  TOUR LENGTH: 709

HOW CHANGED:
  DEMOBSTATION: FT CARSON
  END DATE: 29 AUG 2020
  TOUR LENGTH: 769

FOR ARMY USE: AUTHORITY: 10 USC 12301 (D)
ACCT CLAS: 21 9/0/1 2010.0000 01-1100 1A100000 11**/12** VFRE 01FFGU S12120 KIN8081PJ00023 C
IC:

FORMAT: 700

**************
*    AHRC    *                          DAVID A. ATCHER
*  OFFICIAL  *                          CHIEF OF OPERATIONS,
**************                          RPMD, OPS AND READINESS DIVISION

DISTRIBUTION: 1 SOLDIER
 1 W0VN USAG FT CARSON FT CARSON CO 80913-0000
 1 W70W 0104 DIV LEADER TRAINING SSG COBY G SCHWAB US ARMY RESERVE CENTER  JBLM LEWIS WA
98433-5000

Scanned with CamScanner

# EXHIBIT 8

1

### Declaration of Robert Hill

Robert Hill declares as follows:

1.      I am over the age of 18 and competent to provide the testimony contained in this Declaration. The following is based on my own personal knowledge.

2.      I worked for the Washington State Department of Social and Health Services at Eastern State hospital ("ESH") as an on-call Chaplain at the same time as Robert Kinnune.

3.      I worked alongside Robert Kinnune and handled his duties on days when he was not assigned to work.

4.      April Ross worked as Robert Kinnune's intern before he was placed on active-duty military orders in June of 2018.

5.      Both April Ross and I reported to the Director of Organizational Development and Communications, Barbara "Joey" Frost.

6.      While Robert Kinnune was absent on active-duty military orders, April Ross was promoted to the position of Interim Chaplain and took over Robert Kinnune's responsibilities.

7.      April Ross regularly communicated with Robert Kinnune while he was on military leave about matters regarding the ESH Ministry.

8.      April Ross was initially absent from the ministry on a regular basis to obtain hospital certifications. I was responsible for fulfilling the duties of the chaplaincy in her absence.

9.      As months progressed, Joey Frost and April Ross made increasingly negative comments about Robert Kinnune while he was still on leave.

10.     Patients often asked about when Robert Kinnune would be returning to ESH. Joey Frost instructed me to let them know that he was no longer here and to focus on the present.

Declaration of Robert Hill

Doc ID: 2f1b331f39d21fdcd4b7f0ef190f1eec633b501c

11.      In the months approaching Robert Kinnune's scheduled return, during monthly team meetings, Joey Frost and April Ross increasingly discussed their desire to not bring Mr. Kinnune back into his position as Chaplain.

12.      Joey Frost and April Ross made comments questioning what they would do with Robert Kinnune when he returned from military leave.

13.      Joey Frost stated that she had inquired into whether the hospital would be required to reinstate Robert Kinnune as Chaplain after his military leave, and that she learned she would be required to rehire him. Joey Frost stated her frustration with the news that she would be required to rehire Robert Kinnune after military service.

Dated this ___10th___ day of November, 2022, in Spokane, Spokane County, Washington.

_____
Robert Hill

Declaration of Robert Hill

# Exhibit 9



Washington State
Department of Social
& Health Services
*Transforming lives*

## Communication Records (CR)

DATE OF DISCUSSION
**08/31/2020**

This is an optional use form designed as a tool to document communications between supervisors and employees. It is intended to identify and address performance and behavioral concerns. Discuss the performance issue with the employee. Review the performance expectations, related procedures, and communicate the standard for performance expectations or future behaviors.

| EMPLOYEE'S NAME | EMPLOYEE'S JOB TITLE |
|---|---|
| **Robert Kinnune** | **Religious Coordinator** |

| SUPERVISOR'S NAME | SUPERVISOR'S JOB TITLE |
|---|---|
| **Joey Frost** | **Director Organizational Development and** |

REPRESENTATIVE'S NAME (IF PRESENT)

NAMES / TITLES OF OTHERS IN ATTENDANCE

### What happened?

Describe the situation which led to the meeting.

**On Friday, August 28, 2020 Ronda Kenney, COO and I had a scheduled meeting from 1:00-2:00pm with Robert Kinnune to review the Religious Coordinator PDF and the work instructions/expectations for the Spiritual Care Services department. At that meeting I made it clear that I would escort him to the new office space and review his keys after NEO (I hadn't completed or signed off on a key request for him as his supervisor. Robert contacted Steve Einhaus and Steve took Robert to security to get an office key (verified by security). Steve and Robert went into the office space without my knowledge. In addition, Robert was only scheduled/approved for 1 hour on Friday for our meeting. He entered 2.40 hours in leave tracker, which I explained that I did not approve. I reiterated our previous Friday conversation. We also discussed the situation of him unlocking a locked unisex restroom while it was in use by a female co-worker. The employee was distraught and as Robert's supervisor brought the incident to me. Robert apologized to the employee about what happened. He stated that he didn't realize a person was using the restroom since he didn't hear a response when he knocked on the door.**

Review with the employee and reference the policies, procedures, or work standards / expectations.

**I referenced work instructions/expectations that we reviewed at the Friday meeting. The key request needs to be signed by the employee's supervisor prior to giving out keys.**

What was the employee's response and input?

**Robert stated that he did not contact Steve Einhaus to get his key or to escort him to the new Spiritual Care office and stated that he thought it was okay for him to get his office key and to check out the new space.**

### What's the plan to correct future behavior or performance?

Write a specific plan of action including any applicable training, timelines, and how performance / behavior will be monitored or measured. If applicable, include directive(s) and forewarnings of potential consequences of subsequent infractions.

**I went over the work instructions/expectations with Robert for clarification regarding my role as his supervisor and that it was not okay for him to access the office key and go into the office without prior knowledge or approval. I explained to Robert that I needed him to sign the Work**

Kinnune_000078

Instructions/Expectations for the Religious Coordinator position.  He stated that he didn't feel comfortable signing it because it seems that he is being micro-managed, which indicates a lack of trust of his ability to do his job and he doesn't do well being micro-managed.  He asked me again if it was necessary for him to sign and I stated yes.  He told me that he would take it home and discuss with his wife and pray on it.  I explained that if refuses to sign I would bring it to Mark Kettner CEO's attention (I report to Mark).

This communication is forewarning that failure to comply with supervisory directives, expectations, policy, procedures, and the Collective Bargaining Agreement may result in corrective measures or disciplinary action.

| Employee Assistance Program (EAP) |
|---|

If the employee is experiences personal challenges which are impacting their work performance, they may wish to consider accessing the EAP.  The EAP provides free and confidential assistance with problem assessment, short-term counseling, and referrals for all types of issues.  Contact the EAP at 1-977-313-4455 or at www.eap.wa.gov for additional information.

| Supervisory Acknowledgement |
|---|

I acknowledge that a meeting took place between the employee and me on the above referenced date and a copy of this document is being forwarded to the employee and placed in their supervisory file.

| SUPERVISOR'S SIGNATURE | DATE | SUPERVISOR'S PRINTED NAME |
|---|---|---|
| *[signature]* | 9/1/2020 | JOEY FROST |

Attach additional pages when necessary.

# EXHIBIT 10

From:     Kinnune, Robert (DSHS/ESH) <robert.kinnune@dshs.wa.gov>
To:       Carlson, Amy Jo (DSHS/HRD) <carlsaj@dshs.wa.gov>
          DSHS RE HRD BHA HRBP Consultation Support <BHAHRBPConsultationSupport@dshs.wa.gov
CC:       rs_kinnune@yahoo.com <rs_kinnune@yahoo.com>
Date:     9/24/2020 5:03:04 PM
Subject:  Hostile Work Environment concerns at ESH

Greetings Amy Jo and BHA HRBP Consultation Support,

I hope this email finds you doing well.

I have been back from military leave for about 27 days, and am unfortunately having to come to work into a team that has become hostile towards me.

I am a union member, and have asked my shop steward to help me define a hostile work environment. She said it was defined by the union as anything that makes a person feel like they are being targeted or harassed by another person.

My shop steward also encouraged me to look up Article 47 in the CBA, and told me that a hostile work environment is a violation of Article 47.

So I did read it, and read the expectation agreed upon by my employer and my union on workplace behavior; and saw that we agree that all employees should work in an environment that fosters mutual respect and professionalism.

This is not happening, not on duty, not in team meetings, and I am very concerned that through slander and gossip my reputation is under attack, and that defamation of character is taking place.

Section 47.2 Reminded me that this should not be tolerated in the professional work place; and that if an employee feels like they are being subjected to inappropriate behavior in the work place, they are encouraged to report this behavior to their supervisor (I have spoken to Joey Frost multiple times on this, and emailed her as well) and the hostile work environment continues.

To the point where I even think things are somewhat better with my supervisor, and I will return from my days off to find that things are tense again.

I am very concerned that this hostile work environment could eventually be problematic for the hospital ministry, and that is not acceptable in my mind.

I also would not like to see this turn into an ongoing and tense struggle , or end up in court.

Thus, I am prayerfully deciding to not initiate a grievance at this time; yet would primarily ask for your guidance and advice on this hostile work environment and the best way ahead.

Section 47.3 says that the employer will look into the complaint and take appropriate action as necessary.

Joey Frost has tried to take some actions, and I appreciate this; yet unfortunately she is part of the problem and has allowed this culture of talking negatively and slandering my good name while I was serving at Fort Carson for 23 months.

Thus I believe it should be someone above her looking into this situation. Perhaps our Chief Operating Officer?

Thank you for your time and help with all of this.

God Bless,

Robert Kinnune

Cc my civilian email.

Very Respectfully,

**CHAPLAIN ROBERT T. KINNUNE** / Religious Coordinator SPIRITUAL CARE SERVICES

Eastern State Hospital

*Washington State Department of Social and Health Services, Behavioral Health Administration*

(O) 509-565-4286 / robert.kinnune@dshs.wa.gov

*Transforming Lives*

KinnunePRA_001728

# Exhibit 11

| From: | Carlson, Amy Jo (DSHS/HRD) |
|---|---|
| To: | VanLeeuwen, Shawnie (DSHS/HRD) |
| Subject: | RE: Investigation - Fact Findings |
| Date: | Wednesday, November 25, 2020 9:46:42 AM |

There was a fact finding, however, it isn't written up yet and I'm getting conflicting information from the employees involved.

*Please send Labor Relations questions and consultation requests to* BHAHRBPConsultationSupport@dshs.wa.gov
HR has a talented team of Human Resource Business Partners (HRBP) to support you with your Labor Relations needs.

**AMY JO CARLSON, PHR, SHRM-CP**/HUMAN RESOURCE BUSINESS PARTNER / Human Resources Division
Office of the Secretary
Washington State Department of Social and Health Services
(O) 509-565-4291 / (C) 509-822-1407 / (F) 509-565-4256 / amy.carlson@dshs.wa.gov

Transforming Lives

**From:** VanLeeuwen, Shawnie (DSHS/HRD)
**Sent:** Wednesday, November 25, 2020 9:45 AM
**To:** Carlson, Amy Jo (DSHS/HRD)
**Subject:** RE: Investigation - Fact Findings

I received your voice mail message. Once I end this meeting I will give you a ring.

Was there any fact finding to gather information prior to the decision or was it based on the written complaints?

Thank you,
Shawnie

**From:** Carlson, Amy Jo (DSHS/HRD) <carlsaj@dshs.wa.gov>
**Sent:** Tuesday, November 24, 2020 1:05 PM
**To:** VanLeeuwen, Shawnie (DSHS/HRD) <VanLeSL@dshs.wa.gov>
**Subject:** Investigation - Fact Findings

Hello Shawnie,

I know you are out sick today, hopefully you can find time tomorrow to assist me with an unsettling concern. I need to talk to you about investigations that Matt McCord recommended not proceeding with and Mark Kettner agreed to. Both cases are complaints of inappropriate conduct from employees against their immediate supervisor, who are both members of senior leadership. The two complainants were Robert Kinnune and [2N] .

Thank you Shawnie