1   Taylor M. Hennessey
    Assistant Attorney General
2   1116 West Riverside Avenue, Suite 100
    Spokane, WA 99201-1106
3   (509) 456-6382

4                                    **THE HONORABLE MARY K. DIMKE**

5              **UNITED STATES DISTRICT COURT**
6              **EASTERN DISTRICT OF WASHINGTON**

7   ROBERT THEODORE            NO.  2:23-cv-00026-MKD
    KINNUNE,
8                              DEFENDANTS'
              Plaintiff,       STATEMENT OF
9                              MATERIAL FACTS NOT IN
              vs.              DISPUTE TO PLAINTIFF'S
10                             PARTIAL SUMMARY
    STATE OF WASHINGTON,       JUDGMENT
11  WASHINGTON STATE
    DEPARTMENT OF SOCIAL
12  AND HEALTH SERVICES,

13            Defendants.

14      Pursuant to L. Civ. R. 56(c)(1), DEFENDANTS' STATEMENT OF

15  MATERIAL FACTS NOT IN DISPUTE TO PLAINTIFF'S PARTIAL

16  SUMMARY JUDGMENT, Defendants provide the following statement of

17  material facts not in dispute.

18  1.    Not in dispute.

19  2.    Not in dispute.

20  3.    Not in dispute.

21  4.    Partially disputed. Prior to active duty, Kinnune had his own office.

22

1    ECF No 38-1, ¶ 4. When Kinnune returned in September 2020, he was

2    assigned to share an office with April Ross, but at Kinnune's request, ESH

3    moved him to a different office. ECF No 46-2 (Kinnune Dep. 57:3-6).

4    5.    Not in dispute.

5    6.    Not in dispute.

6    7.    Not in dispute.

7    8.    Not in dispute.

8    9.    Not in dispute.

9    10.    Not in dispute.

10    11.    Objection, relevance. This fact is immaterial. For purposes of summary

11    judgment, a fact is "material" if it might affect the outcome of the suit

12    under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

13    248 (1986). Kinnune being mentioned in a ESH Newsletter is irrelevant to

14    whether the protections of USERRA applies, whether he was correctly

15    reemployed under USERRA, and it is not an event relating to

16    discrimination or retaliation based upon his military status.

17    12.    Not in dispute.

18    13.    Prior to his military leave in 2018, Kinnune was the chair of the Ethics

19    Committee. ECF 39-1 Ex 1 (Frost Dep. 197:2-5).

20    14.    Not in dispute.

21    15.    Not in dispute.

22

DEFENDANTS' STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE TO PLAINTIFF'S
PARTIAL SUMMARY
JUDGMENT

2

1    16.    Not in dispute.

2    17.    Not in dispute.

3    18.    Not in dispute.

4    19.    Not in dispute.

5    20.    Objection, relevance. This fact is immaterial. For purposes of summary

6            judgment, a fact is "material" if it might affect the outcome of the suit

7            under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

8            248 (1986). Kinnune using vacation time, on his own accord, prior to

9            military service is irrelevant to his relief sought in his Motion for Partial

10           Summary Judgment.

11   21.    Not in dispute.

12   22.    Not in dispute.

13   23.    Not in dispute.

14   24.    Not in dispute.

15   25.    ESH hired April Ross, in a non-permanent position and at the

16           recommendation of Robert Kinnune, to be the interim Chaplain/Religious

17           Coordinator while Kinnune was on military service leave. ECF No 46-2

18           Ex N (Kinnune Dep 44:7-13); ECF No 45 Ex C.

19   26.    Not in dispute.

20   27.    Not in dispute.

21   28.    Not in dispute.

22

DEFENDANTS' STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE TO PLAINTIFF'S
PARTIAL SUMMARY
JUDGMENT

3

29.    This testimony quotes a written statement from April Ross. ECF No 39-1 Ex 5 (Ross Dep. 153:8-15). The full statement from the exhibit reads: "Joey Frost called me (April Ross) in for a meeting in September 2018 due to Robert's contact with her about my actions and his perceptions that I was not performing well as Chaplain." ECF No 39-2 Ex 22, p 6. Frost was not worried about this allegation as she was observing Ross do a good job and had not received any complaints about Ross. Second Decl. Hennessey Ex V (Frost Dep. 99:5-2).

30.    Disputed. This statement mischaracterizes Frost's testimony. Frost's testimony about when she asked Ross to prepare a written summary of her issues with Kinnune is uncertain; it was sometime after September 2018. ECF No 39-1 Ex 1 (Frost Dep. 101:2-9).

31.    Not in dispute.

32.    Not in dispute.

33.    Not in dispute.

34.    Not in dispute.

35.    Objection, calls for a legal conclusion and is therefore not a material fact. *Robertson v. Dorn*, No. 2:21-CV-64-RMP, 2021 WL 3475558, at *3 (E.D. Wash. Aug. 6, 2021) (The Court disregards evidence that is a "legal conclusion improperly presented in the guise of factual statements, in

DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE TO PLAINTIFF'S PARTIAL SUMMARY JUDGMENT

4

1   determining whether summary judgment is appropriate."). Whether an

2   ESH employee's actions violate a criminal statute is a legal conclusion.

3   36.   Objection, relevance as this fact is immaterial. For purposes of summary

4   judgment, a fact is "material" if it might affect the outcome of the suit

5   under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

6   248 (1986). ESH's training to its employee's about being "mandatory

7   reporters" is irrelevant to his relief sought in his Motion for Partial

8   Summary Judgment.

9   37.   Objection, relevance as this fact is immaterial. For purposes of summary

10   judgment, a fact is "material" if it might affect the outcome of the suit

11   under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

12   248 (1986). Facts relating to when ESH employees have to report

13   allegations of an employee "fondling the breasts of a patient" is irrelevant

14   to his relief sought in his Motion for Partial Summary Judgment.

15   38.   Objection, relevance as this fact is immaterial and is a legal conclusion.

16   For purposes of summary judgment, a fact is "material" if it might affect

17   the outcome of the suit under the governing law. *Anderson v. Liberty

18   Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Robertson v. Dorn*, No. 2:21-CV-

19   64-RMP, 2021 WL 3475558, at *3 (E.D. Wash. Aug. 6, 2021) (The Court

20   disregards evidence that is a "legal conclusion improperly presented in the

21   guise of factual statements, in determining whether summary judgment is

22

DEFENDANTS' STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE TO PLAINTIFF'S
PARTIAL SUMMARY
JUDGMENT

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA  99201-1106
(509) 456-3123

1    appropriate."). The reporting of an ESH employee having sexual

2    intercourse with a patient is irrelevant to his relief sought in his Motion for

3    Partial Summary Judgment. Further, whether a specific factual scenario

4    must be reported to law enforcement "under the mandatory report laws" is

5    a legal conclusion.

6    39.    Objection, relevance as this fact is immaterial. For purposes of summary

7    judgment, a fact is "material" if it might affect the outcome of the suit

8    under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

9    248 (1986). Whether anyone from ESH reported Kinnune to law

10    enforcement is irrelevant to his relief sought in his Motion for Partial

11    Summary Judgment. Defendants do not dispute that the record does not

12    contain a report to law enforcement of any of the allegations made by Ross

13    in January 2019.

14    40.    Not in dispute.

15    41.    Not in dispute.

16    42.    Objection, relevance as this fact is immaterial. For purposes of summary

17    judgment, a fact is "material" if it might affect the outcome of the suit

18    under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

19    248 (1986). Whether Ross' January 2019 six page complaint contains

20    violations of Policy No. 18.66 by Kinnune is irrelevant to his relief sought

21    in his Motion for Partial Summary Judgment.

22

DEFENDANTS' STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE TO PLAINTIFF'S
PARTIAL SUMMARY
JUDGMENT

6

43. Objection, relevance as this fact is immaterial. For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether an employee who is alleged to have violated a policy has a right to receive notice and an opportunity to speak in his own defense is irrelevant to his relief sought in his Motion for Partial Summary Judgment.

44. Not in dispute.

45. Not in dispute.

46. Not in dispute.

47. Not in dispute.

48. Defendants do not dispute Hill's recollection of Frost or Ross' statements. However, Hill doesn't recall if any of the statements were related to Kinnune's military status. Second Decl. Hennessey Ex W (Hill Dep. 45:21-46:1).

49. Objection, relevance as this fact is immaterial. For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Any instruction from Frost to Hill to not talk to Kinnune is irrelevant to his relief sought in his Motion for Partial Summary Judgment.

50. Not in dispute.

DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE TO PLAINTIFF'S PARTIAL SUMMARY JUDGMENT

7

51. Not in dispute.

52. Not in dispute. Second Decl. Hennessey Ex T.

53. Defendants agree that one metric ESH used to justify an increase in positions was data. However, a lack of data doesn't necessarily preclude additional positions. Under the Collective Bargaining Agreement, ESH has the power to determine the organizational structure and the budget and size of the agency's workforce. ECF No 45-7, p 55.

54. Not in dispute.

55. Not in dispute.

56. Not in dispute.

57. Objection, relevance and confusion. Western State Hospital (WSH) is an unnamed party to this lawsuit. WSH has different staff, patients, and policies which makes and comparison likely to confuse a finder of fact. Further, there is no evidence about the hiring practices of WSH compared to ESH and any executive decision about how to spend resources related to staffing.

58. Not in dispute.

59. Disputed. Carlson did send paperwork to Class and Compensation department seeking approval to establish a new full-time Religious Coordinator position, but it did not cover Kinnune's position. ECF No 39-

DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE TO PLAINTIFF'S PARTIAL SUMMARY JUDGMENT

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

1    2 Ex 13; Ex 29. Kinnune's position was EW62E and this new position

2    would be below Kinnune on the organizational chart. *Id*.

3    60.    Disputed. Carlson did send paperwork to Class and Compensation

4    department seeking approval to establish a new full-time Religious

5    Coordinator position, but it did not cover Kinnune's position. ECF No 39-

6    2 Ex 13; Ex 29. Kinnune's position was EW62E and this new position was

7    without a position number but would be below Kinnune on the

8    organizational chart. *Id*.

9    61.    Disputed. This was a new position that did not have a prior level of

10    supervision. ECF No 39-2 Ex 29. Therefore, there was no change in the

11    level of supervision.

12    62.    Partially disputed. Carlson and Frost did receive an email on May 21, 2020

13    from Class and Compensation advising them of the Governor's May 18,

14    2020 hiring freeze, the new Religious Coordinator position would need to

15    have an exemption to said hiring freeze in order to be processed. ECF No

16    39-2 Ex 30.

17    63.    Disputed. The evidence offered by Kinnune does not support this

18    proposition. Exhibit 30 does not state that the second Religious

19    Coordinator Position was not approved. ECF No 39-2 Ex 30. Exhibit 49

20    appears to be Covid-19 screening logs and also does not state that the

21    second Religious Coordinator Position was not approved. Finally,

22

DEFENDANTS' STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE TO PLAINTIFF'S
PARTIAL SUMMARY
JUDGMENT

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

1      Kenney's testimony is misquoted. Kenney agreed that between June 15

2      and December 11, 2020, the second Religious Coordinator position had

3      not been approved. ECF No 39-2 Ex 10 (Kenney Dep. 28:23-29:3). The

4      second Religious Coordinator position was eventually approved by at least

5      May 26, 2021. ECF No 45-4, p 21 (April Ross appointment letter as a

6      Religious Coordinator in position AS92-E).

7   64.   Not in dispute.

8   65.   Objection, relevance as this fact is immaterial. For purposes of summary

9      judgment, a fact is "material" if it might affect the outcome of the suit

10     under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

11     248 (1986). The facts of Hill's employment is irrelevant to Kinnune's

12     relief sought in his Motion for Partial Summary Judgment.

13   66.   Objection, relevance as this fact is immaterial. For purposes of summary

14     judgment, a fact is "material" if it might affect the outcome of the suit

15     under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

16     248 (1986). The facts of Hill's employment is irrelevant to Kinnune's

17     relief sought in his Motion for Partial Summary Judgment.

18   67.   Objection, relevance as this fact is immaterial. For purposes of summary

19     judgment, a fact is "material" if it might affect the outcome of the suit

20     under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

21

22

DEFENDANTS' STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE TO PLAINTIFF'S
PARTIAL SUMMARY
JUDGMENT

10

| | | |
|---|---|---|
| 1 | | 248 (1986). The facts of Hill's employment is irrelevant to Kinnune's |
| 2 | | relief sought in his Motion for Partial Summary Judgment. |
| 3 | 68. | Not in dispute. |
| 4 | 69. | Not in dispute. |
| 5 | 70. | Disputed. At the time of reconstitution Ross was appointed to be the leader |
| 6 | | of the CISM Team. ECF 38-1 ¶ 70. Once Kinnune returned from military |
| 7 | | leave, "Coordinating CISM responses will be under the direction of the |
| 8 | | Director of Organizational Development [Frost] in collaboration with the |
| 9 | | Religious Coordinator and will rotate." ECF No 45-8, p 75. |
| 10 | 71. | Not in dispute. |
| 11 | 72. | Not in dispute. |
| 12 | 73. | Not in dispute. |
| 13 | 74. | Not in dispute. |
| 14 | 75. | Not in dispute. |
| 15 | 76. | Not in dispute. |
| 16 | 77. | Not in dispute. |
| 17 | 78. | Not in dispute. |
| 18 | 79. | Not in dispute. |
| 19 | 80. | Not in dispute. |
| 20 | 81. | Not in dispute. |
| 21 | 82. | Not in dispute. |
| 22 | | |

DEFENDANTS' STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE TO PLAINTIFF'S
PARTIAL SUMMARY
JUDGMENT

11

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA  99201-1106
(509) 456-3123

1    83.   Not in dispute.

2    84.   Not in dispute.

3    85.   Objection, relevance as this fact is immaterial. For purposes of summary

4           judgment, a fact is "material" if it might affect the outcome of the suit

5           under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

6           248 (1986). Kinnune's knowledge of any July 2020 meetings is irrelevant

7           to his relief sought in his Motion for Partial Summary Judgment.

8    86.   Not in dispute.

9    87.   Objection, relevance as this fact is immaterial. For purposes of summary

10          judgment, a fact is "material" if it might affect the outcome of the suit

11          under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

12          248 (1986). The time and date ESH staff were editing a document is

13          irrelevant to Kinnune's relief sought in his Motion for Partial Summary

14          Judgment.

15    88.  Disputed. Frost did not testify that Kinnune and Ross would share duties.

16          Ross testified that "[t]here would be two Religious coordinators full-time

17          going forward." ECF No 39-1 Ex 1 (Frost Dep. 125:19-23).

18    89.  Disputed. The updated position description form that Kinnune signed is

19          not a part of the record. See ¶ 60. Frost did provide Kinnune with the

20          Spiritual Care Services Work Instructions/Expectations and had him sign

21          indicating that he acknowledge receipt. ECF No 45-9, p 80.

22

DEFENDANTS' STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE TO PLAINTIFF'S
PARTIAL SUMMARY
JUDGMENT

12

1    90.    Not in dispute.

2    91.    Disputed. See ¶ 60, 61. Additionally, the Collective Bargaining Agreement

3          allows for a supervisor to determine the level of supervision. ECF No 45-

4          7, p 55 (Management reserves the right to "Direct and supervise

5          employees").

6    92.    Not in dispute.

7    93.    Not in dispute. Kinnune's first day back at ESH was August 31, 2020. ECF

8          39-3 Ex 41, p 393.

9    94.    Not in dispute.

10   95.    Not in dispute.

11   96.    Objection, calls for a legal conclusion and invades the province of the jury.

12         Lay witnesses may give an opinion on an ultimate issue to be decided by

13         the trier of fact, but they may not offer legal conclusions. *Ward v. Crow*

14         *Vote LLC*, 634 F. Supp. 3d 800, 810 (C.D. Cal. 2022). But lay opinion

15         witnesses "may not testify based on speculation, rely on hearsay or

16         interpret unambiguous, clear statements." *Id*. "Although a lay witness may

17         give an opinion on an ultimate issue to be decided by the trier of fact, Fed.

18         R. Evid. 704(a), she may not offer legal conclusions." *Id*. Here the

19         testimony quoted is interpreting documents shown to the witness, not

20         relying on her personal knowledge of any fact. Further, the quote is a legal

21         conclusion.

22

DEFENDANTS' STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE TO PLAINTIFF'S
PARTIAL SUMMARY
JUDGMENT

13

1    97.    Not in dispute.

2    98.    Not in dispute.

3    99.    Not in dispute.

4    100.    Disputed. Kinnune concedes that it is disputed whether Frost made it clear

5            that she would escort him to the new office space. ECF No 39-3 Ex 45.

6    101.    Not in dispute.

7    102.    Not in dispute.

8    103.    Not in dispute.

9    104.    Disputed. There is no record that Kinnune received any of the criticisms

10            listed in Defendant's Interrogatory 5 "in the days after he returned from

11            military service leave."

12    105.    Not in dispute.

13    106.    Not in dispute.

14    107.    Objection, relevance as this fact is immaterial. For purposes of summary

15            judgment, a fact is "material" if it might affect the outcome of the suit

16            under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

17            248 (1986). The amount of shifts assigned to Kinnune for Covid-19

18            screening is irrelevant to his relief sought in his Motion for Partial

19            Summary Judgment.

20    108.    Objection, relevance as this fact is immaterial. For purposes of summary

21            judgment, a fact is "material" if it might affect the outcome of the suit

22

DEFENDANTS' STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE TO PLAINTIFF'S
PARTIAL SUMMARY
JUDGMENT

14

1      under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

2      248 (1986). The amount of shifts assigned to Ross is irrelevant to

3      Kinnune's relief sought in his Motion for Partial Summary Judgment.

4    109.    Not in dispute.

5    110.    Not in dispute.

6    111.    Disputed. Defendants agree that Matt McCord investigated Kinnune's

7        complaint and that he interviewed Kinnune, Hill, and Bordges. However,

8        he did not make a finding of "conflicting information." McCord found that

9        he "was unable to substantiate any of Kinnune's claims that he was treated

10       unfairly, harassed, suffered a hostile work environment, or had his

11       character undermined while he was away on military service." ECF No 39-

12       3 Ex 56, p. 6.

13   112.    Not in dispute.

14   113.    Partially disputed. Defendants do not dispute that any discussion of emails

15       between Bordges and Frost from July 2020 about Kinnune is not contained

16       in McCord's fact-finding. ECF No 39-3 Ex 59. However, the subject

17       matter of the emails Bordges sent to Frost in July 2020 is contained in

18       McCord's fact-finding report. Compare ECF No 39-3 Ex 59; Ex 37; Ex

19       38.

20   114.    Objection, speculation. Kinnune references meetings about "the plan" for

21       Kinnune insinuating a negative connotation. However, there is no evidence

22

DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE TO PLAINTIFF'S PARTIAL SUMMARY JUDGMENT

15

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

1    about what "the plan" was actually referring to as both people on the email,

2    Carlson and Kenney, have no recollection of what "the plan" was referring

3    to. See ¶ 77. Defendants do not dispute that any discussion of emails

4    between Bordges and Frost from July 2020 about Kinnune is not contained

5    in McCord's fact-finding. ECF No 39-3 Ex 59.

6    115.  Disputed. McCord's fact-finding does not once mention having inaccurate

7          or incomplete information. ECF No 39-3 Ex 59.

8    116.  Not in dispute.

9    117.  Partially disputed. Kinnune sent two "updates" while on military leave

10         dated August 14, 2018, and November 13, 2018; and a holiday greeting on

11         January 1, 2019. ECF No 39-3 Ex 56-57.

12   118.  Partially disputed. Frost did respond to Kinnune's December 13, 2020,

13         email asking him to refrain from sending emails "to ESH employees from

14         [his] home computer" while on government service leave. ECF No 39-3

15         Ex 58, p 00502. Frost explained that having a EHS distribution list on his

16         computer may subject it to disclosure under the public records act, that

17         official ESH emails should only be used for work purposes, to not include

18         a religious connotation in his signature line. *Id*.

19   119.  Not in dispute.

20   120.  Not in dispute.

21   121.  Not in dispute.

22

DEFENDANTS' STATEMENT                           16        ATTORNEY GENERAL OF WASHINGTON
OF MATERIAL FACTS NOT IN                                            Torts Division
DISPUTE TO PLAINTIFF'S                                     1116 West Riverside, Suite 100
PARTIAL SUMMARY                                               Spokane, WA 99201-1106
JUDGMENT                                                          (509) 456-3123

1    122.  Not in dispute.

2    123.  Not in dispute.

3    124.  Objection, improper opinion as it invades the province of the jury. Lay

4          opinion witnesses "may not testify based on speculation, rely on hearsay

5          or interpret unambiguous, clear statements." *Ward v. Crow Vote LLC*, 634

6          F. Supp. 3d 800, 810 (C.D. Cal. 2022). Here the testimony quoted is

7          interpreting documents shown to the witness by plaintiff's counsel, not

8          relying on her personal knowledge of any fact.

9    125.  Partially disputed. Defendants agree that Kinnune's attorney sent ESH

10         CEO Kettner a letter dated September 23, 2021, that he was not going to

11         return to work. ECF No 39-3 Ex 64. Defendants dispute that ESH "has not

12         taken action to remedy this situation" as McCord conducted a fact-finding

13         into his allegations, but ESH determined that they were unsubstantiated.

14         ECF 39-3 Ex 59.

15   126.  Objection, relevance as this fact is immaterial. For purposes of summary

16         judgment, a fact is "material" if it might affect the outcome of the suit

17         under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

18         248 (1986). The amount of supervision an employee in a different position

19         received more than a year after Kinnune resigned from employment is

20         immaterial to his relief sought in his Motion for Partial Summary

21         Judgment.

22

DEFENDANTS' STATEMENT                    17
OF MATERIAL FACTS NOT IN

1       DATED this 28 day of November, 2023.

2                                      ROBERT W. FERGUSON
                                       Attorney General
3
                                       s/Taylor M. Hennessey
4                                      TAYLOR M. HENNESSEY, WSBA No. 54135
                                       Assistant Attorney General
5                                      1116 W. Riverside, Suite 100
                                       Spokane, WA 99201-1106
6                                      509-456-3123
                                       Taylor.Hennessey@atg.wa.gov
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

DEFENDANTS' STATEMENT               18
OF MATERIAL FACTS NOT IN
DISPUTE TO PLAINTIFF'S
PARTIAL SUMMARY
JUDGMENT

1

## CERTIFICATE OF SERVICE

2        I certify that I electronically filed this document with the Clerk of the Court

3   using the CM/ECF system which will send notification of such filing to the

4   following:

5                           James W. Beck
                            Janelle E. Chase Fazio

6                           Eric D. Gilman
                            Beck Chase Gilman PLLC

7                           705 S. Ninth Street, Suite 305
                            Tacoma, WA 98405

8                           (253) 289-5104

9                           James@bcglawyers.com
                            Janelle@bcglawyers.com

10                          Eric@bcglawyers.com

11       I declare under penalty of perjury under the laws of the United States of

12   America that the foregoing is true and correct.

13       DATED this 28 day of November, 2023, at Spokane, Washington.

14

15                          ROBERT W. FERGUSON
                            Attorney General

16

17                            s/ Taylor Hennessey
                            TAYLOR M. HENNESSEY, WSBA No. 54135
                            Assistant Attorney General

18                          1116 W. Riverside, Suite 100
                            Spokane, WA 99201-1106

19                          509-456-3123
                            Taylor.Hennessey@atg.wa.gov

20

21

22

DEFENDANTS' STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE TO PLAINTIFF'S
PARTIAL SUMMARY
JUDGMENT

19

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123