FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 03, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT THEODORE KINNUNE, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, <br><br> Defendants. | No. 2:23-CV-00026-MKD <br><br> ORDER RE PARTIES' EXHIBIT OBJECTIONS <br><br> **ECF Nos. 94, 96** |

Before the Court are Defendants' Memorandum Supporting Objections to Exhibits and Witnesses Identified by Plaintiff, ECF No. 94, and Plaintiff's Objections to Defendants' Exhibit List, ECF No. 96. On December 2, 2024, the Court held a pretrial conference at which it addressed these objections. ECF No. 146. Eric Gilman and James Beck represented Plaintiff. Nicholas Ulrich represented Defendants. The following summarizes and supplements the Court's oral rulings.

ORDER - 1

**A. Defendants' Objections to Plaintiff's Exhibits**

*1. Withdrawn Exhibits*

At the pretrial conference on December 2, Defendants withdrew objections to Exhibits 4, 8, 10-11, 16, 18, 21, 28, 33-35, 37, 41, and 44. Accordingly, the Court issues no ruling on these objections.

*2. Exhibit 14*

Exhibit 14 is an August 2017 Employee Connections Newsletter, which includes a profile of Plaintiff. *See* ECF No. 97-6 at 5. Defendants object to the exhibit on the grounds of relevance and hearsay. Plaintiff responds that this exhibit is relevant because Defendants are likely to allege a number of problems with Plaintiff as an employee, whereas this newsletter, which was published during the same time period as some of these alleged problems, supports that Plaintiff was performing his job well. Plaintiffs also assert that the exhibit is not hearsay, because it is a document from a party opponent and Plaintiffs do not intend to offer it for the truth of any specific statements within the newsletter – they are offering it to show the perception Eastern State Hospital had of Plaintiff. The Court finds that this is a newsletter put out by Eastern State Hospital, which was purportedly authored by Joey Frost, an employee of Defendants. Accordingly, the Court **OVERRULES** Defendants' objections to Exhibit 14.

ORDER - 2

*3. Exhibit 23*

Exhibit 23 is email between DSHS employees exchanging a draft version of the Spiritual Care Services Work Instructions. *See* ECF No. 97-12. Defendants object on the grounds of relevance. Specifically, Defendants assert that this is a draft document, which was not presented to Plaintiff and had no effect on him. Plaintiff responds that the exhibit is relevant because comments in the exhibit specifically reference Plaintiff and the document shows how the position to which he returned was different than his job prior to leave. The Court finds that this exhibit, which shows changes to Plaintiff's position immediately before his return, is relevant. Accordingly, the Court **OVERRULES** Defendants' objections to Exhibit 23.

*4. Exhibit 36*

Exhibit 36 is an email thread between April Ross and Joey Frost regarding an email from Plaintiff about items left behind in his previous office. *See* ECF No. 97-17. Again, Defendants object to this exhibit on the grounds of relevance and hearsay. Plaintiff asserts that this email is relevant as to the tone in which Ms. Ross responds to Plaintiff's request for his items. The Court finds that this email involves employees of Defendants and is not hearsay. Additionally, it goes to Plaintiff's argument that he encountered hostility upon his return to Eastern State

ORDER - 3

Hospital. Thus, the Court **OVERRULES** Defendants' objections to Exhibit 36, with the right to renew at trial.

 5. *Exhibit 50*

Exhibit 50 is April Ross' May 15, 2021, cover letter for her application for the Religious Coordinator position. *See* ECF No. 97-23. Defendants withdrew their objection on the ground of relevance but maintained their objection on the ground of hearsay. Defendants asserts while this letter was drafted while Ms. Ross was an employee of Defendants, it was not drafted within her scope of employment. Plaintiff asks the Court to reserve ruling on this objection until trial. Accordingly, the Court **holds in ABEYANCE** Defendants' objection to Exhibit 50 until trial.

 6. *Exhibit 52*

Exhibit 52 is an email chain between Lance Gulick and Shawnie Vanleeuwen, in which Ms. Vanleeuwen writes, "I think she was being hopeful that he would resign prior," referencing Joey Frost's thoughts. *See* ECF No. 97-24. Defendants object to this exhibit on the grounds of personal knowledge under Fed. R. Evid. 602. Plaintiff responds that as the head of human resources at Eastern State Hospital, Ms. Vanleeuwen did have knowledge of what was occurring. The Court **holds in ABEYANCE** Defendants' objection to Exhibit 52 until trial to see if personal knowledge can be established.

ORDER - 4

7. *Exhibit 53*

Exhibit 53 is a letter from Attorney James Beck to Eastern State Hospital on behalf of Plaintiff.  Defendants did not file an objection to this exhibit but raised the objection in their motion in limine regarding legal conclusions.  *See* ECF No. 89 at 6-7.  The parties proposed redacting the document to resolve Defendants' objections.  The parties are instructed to confer on redacting this exhibit.

8. *Exhibits 55, 56*

Exhibits 55 and 56 are administrative policies.  *See* ECF No. 97-15, 97-16. Defendants object to these exhibits on the grounds that they were not the policies in place at the time of Plaintiff's employment at Eastern State Hospital.  Plaintiff agreed to withdraw Plaintiff's Exhibits 55 and 56 and replace them with Defendants' versions of the exhibits.  Accordingly, the Court issues no ruling on these objections.

**B. Plaintiff's Objections to Defendants' Exhibits**

1. *Withdrawn Exhibits*

At the pretrial conference on December 2, Plaintiff withdrew objections to Exhibits  1008, 1012, 1015, 1021, 1023, 1024, 1032, 1035, 1039, 1044, 1050—upon the condition that Defendants redact his home address from this exhibit, 1053, and 1058.  Accordingly, the Court issues no ruling on these objections.

2. *Corrupted Exhibits*

ORDER - 5

Plaintiff objects to Exhibits 1042, 1046, and 1047 on the grounds that they are corrupted. The parties are instructed to confer on these exhibits.

3. Exhibit 1003

Exhibit 1003 is an internet access request agreement from Plaintiff's personnel file. *See* ECF No. 96 at 9. Plaintiff objects to this exhibit on the ground of relevance. Defendant responds that this exhibit is relevant due to an inquiry as to whether Plaintiff used his personal email to send work related emails while on government service leave, which would be in violation of this policy. Court **holds in ABEYANCE** Plaintiff's objection to Exhibit 1003 until trial.

4. Exhibits 1004, 1005, 1027

Exhibit 1004 is a Notification of Outside Employment Form signed by Plaintiff. *See* ECF No. 96 at 10. Plaintiff objects to this exhibit on the ground of relevance. Defendants assert that this exhibit is relevant to Plaintiff's damages and constructive discharge, as it shows Plaintiff's relationship with his subsequent employer. Exhibits 1005 and 1027 are other Notification of Outside Employment Forms for different time periods, which Plaintiff also objects to on relevance grounds. Defendant again asserts the same arguments regarding relevance. The Court **OVERRULES** Plaintiff's objection to Exhibits 1004, 1005, and 1027.

5. Exhibit 1007

ORDER - 6

1    Exhibit 1007 contains military orders from one of Plaintiff's military service
2 obligations prior to his employment at Eastern State Hospital. *See* ECF No. 96 at
3 12. Plaintiff objects to this exhibit on the ground of relevance. Defendants
4 respond that it is relevant as it shows that Defendants previously held a position for
5 Plaintiff while he completed his military service. Plaintiff responds that it is
6 inappropriate to argue that because Defendants followed the law one time, they did
7 again. The Court **SUSTAINS** Plaintiff's objection to Exhibit 1007, with leave to
8 renew.

9    6. *Exhibit 1009*
10    Exhibit 1009 is a letter with the subject line "Emergent Designation of Your
11 Position." *See* ECF No. 96 at 16. Plaintiff objects to this exhibit on the ground of
12 relevance. Defendants assert that it is relevant because Plaintiff claims he was
13 reassigned to do COVID-19 screenings upon his return and an emergent position
14 can be reassigned during emergencies. The Court **OVERRULES** Plaintiff's
15 objection to Exhibit 1009.

16    7. *Exhibit 1028*
17    Exhibit 1028 is an email chain. *See* ECF No. 96 at 29-31. Plaintiff objects
18 to this exhibit under Fed. R. Evid. 106 – Remainder of or Related Statements.
19 Plaintiff asserts that the exhibits is missing a page and some highlighting. While
20 Plaintiff argues that Defendants should be required to bring in additional portions

ORDER - 7

of the email chain, it is not necessary to bring in a complete email chain. If additional portions of the email chain are relevant, Plaintiff can seek to introduce them at trial. The Court **OVERRULES** Plaintiff's objection to Exhibit 1028 at this time.

8. *Exhibit 1040*

Exhibit 1040 is shared leave paperwork from December 2, 2020. *See* ECF No. 96 at 38-39. Plaintiff objects to this exhibit on the ground of relevance. Defendants assert that it is relevant to Plaintiff's theory of retaliation – after granting Plaintiff shared leave, Defendants later learned that he was in a paid position and began investigating. The Court **OVERRULES** Plaintiff's objection to Exhibit 1040.

9. *Exhibit 1043, 1049*

Exhibit 1043 is an email chain from December 13, 2020. *See* ECF No. 96 at 43-46. Exhibit 1049 is an email chain from April 30, 2021. See ECF No. 96 at 56-57. Plaintiff objects to these exhibits under Fed. R. Evid. 106 – Remainder of or Related Statements. The parties are instructed to confer on these exhibits.

10. *Exhibit 1054*

Exhibit 1050 is a letter regarding Plaintiff's resignation. ECF No. 96 at 61. Plaintiff objects to this exhibit on the ground that it contains hearsay within hearsay. Defendants respond that the first level of hearsay is not hearsay, as it is

ORDER - 8

an opposing party's statement made by an agent, that Defendants can lay foundation for a present sense impression for the second level of hearsay, and that the last level of hearsay is a business record.  The Court **holds in ABEYANCE** Plaintiff's objection to Exhibit 1054 until trial.

    *11. Exhibits 1056, 1057, 1058*

    Exhibit 1056 contains excerpts from the 2017-2019 Collective Bargaining Agreement ("CBA").  *See* ECF No. 96 at 62-76.  Exhibit 1057 contains excerpts from the 2019-2021 CBA.  *See* ECF No. 96 at 77-92.  The Court addresses the admissibility of the CBA in a separate Order with respect to Plaintiff's motions in limine.  Exhibit 1058 is DSHS Administrative Policy No. 18.66.  As discussed above, Plaintiff agreed to withdraw his Exhibit 55 and replace it with Defendants' Exhibit 1058.  Accordingly, the Court issues no ruling on these objections.

    Accordingly, **IT IS HEREBY ORDERED:**

    1. Defendants' objections to Plaintiff's exhibits, **ECF No. 94**, are **OVERRULED** and **held in ABEYANCE**, as explained above.

    2. Plaintiff's objections to Defendants' exhibits, **ECF No. 96**, are **SUSTAINED**, **OVERRULED**, and **held in ABEYANCE**, as explained above.

    3. The parties shall confer on Exhibits 53, 1042, 1043, 1046, 1047, and 1049 before the January 10, 2025, Perpetuation Deposition of Amy Jo Carlson.

ORDER - 9

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to the parties.

DATED January 3, 2025.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 10