FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 21, 2025

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT THEODORE KINNUNE, | No. 2:23-CV-00026-MKD |
| Plaintiff, | ORDER REMANDING MATTER TO STATE COURT |
| v. | |
| STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, | |
| Defendants. | |

On February 12, 2025, the Court held a Pretrial Conference in this matter. ECF No. 165.  Plaintiff was represented by James Beck and Eric Gilman. Defendants were represented by Nicholas Ulrich.  For the reasons detailed below, the Court finds that it lacks subject matter jurisdiction and remands this matter to state court.  The Court maintains jurisdiction over any attorneys' fees motion.

## BACKGROUND

On January 6, 2023, Plaintiffs filed a complaint in Thurston County Superior Court alleging two causes of action: (1) violations of the Uniformed Services

ORDER - 1

Employment Reemployment Rights Act of 1994 ("USERRA"); and (2) violations of the Washington Law Against Discrimination ("WLAD").  ECF No. 1-5 at 7.  The same day, Defendants removed to this district, asserting that this Court had original jurisdiction under 28 U.S.C. § 1331 and § 1343 and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.  ECF No. 1 at 2.

On February 7, 2025, the parties, by way of email from Defense Counsel copying Plaintiff's counsel, informally notified the Court of a potential issue with the Court's subject matter jurisdiction.  The Court ordered briefing on the issue.  ECF Nos. 158, 159.  Plaintiff contends that the Court does not have subject matter jurisdiction.  ECF Nos. 161, 162.  Defendants "take[] no position on whether the Court has jurisdiction."  ECF Nos. 163, 164.

**DISCUSSION**

**A. Subject Matter Jurisdiction**

Removal of a civil action to federal district court is proper where the federal court has original jurisdiction over the civil action.  28. U.S.C. § 1441(a); *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993) (citing 28 U.S.C. § 1441(a), (b); *Jackson v. Southern California Gas Co.*, 881 F.2d 638, 641 (9th Cir. 1989)).  "The district courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States[,]" 28 U.S.C. §

ORDER - 2

1331, "unless Congress divests federal courts of their § 1331 adjudicatory authority." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 379 (2012).  District courts also "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

Defendants removed this case to federal court on the ground that the Court has original jurisdiction over Plaintiff's USERRA claims pursuant to 28 U.S.C. § 1331 and § 1343.  However, Defendants are state entities and USERRA contains a jurisdictional provision expressly limiting suits brought by private persons against a state employer to state courts.  38 U.S.C. § 4323(b)(2) ("In the case of an action against a State (as an employer) by a person, the action may be brought in a State court of competent jurisdiction in accordance with the laws of the State.").

Further, the Ninth Circuit has held that 28 U.S.C. § 1331 does not grant federal courts jurisdiction over USERRA claims brought against a state by an individual.  *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008).  Rather, based on the structure and legislative history of USERRA, the Ninth Circuit concluded, "Section 4323(b) plainly places private suits against the state in state court.  And § 4323(b) certainly does not evince an unequivocal intent to abrogate the states' sovereign immunity."  *Id.* at 487; *see also McIntosh v.*

ORDER - 3

1  *Partridge*, 540 F.3d 315, 320-21 (5th Cir. 2008) ("After examining the text of the

2  statute in its current and prior forms, we see no 'unmistakably clear' intention by

3  Congress to abrogate state sovereign immunity by allowing individuals to bring

4  USERRA claims against states as employers in federal court."); *Velasquez v.*

5  *Frapwell*, 165 F.3d 593, 593-94 (7th Cir. 1999) ("Congress's intention to limit

6  USERRA suits against states to state courts is unmistakable[.]").

7      While Defendants argue that this Ninth Circuit precedent may be abrogated

8  by the Supreme Court's decision in *Mims v. Arrow Financial Services* and other

9  Supreme Court decisions, ECF No. 163, the Court must follow the Ninth Circuit's

10  precedent in *Townsend*.

11      In conclusion, the Court finds that it lacks subject matter jurisdiction over

12  this matter and remands the case to Thurston County Superior Court.

13  **B. Attorneys' Fees**

14      "An order remanding the case may require payment of just costs and any

15  actual expenses, including attorney fees, incurred as a result of the removal."  28

16  U.S.C. § 1447(c).  "Courts may award attorney's fees under § 1447(c) only where

17  the removing party lacked an objectively reasonable basis for seeking removal."

18  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted).

19      Thus, Plaintiff may file a motion for attorneys' fees pursuant to 28 U.S.

20  Code § 1447(c).  Any such motion should include a declaration and documentation

ORDER - 4

1  in support of his request, which sets forth the hours expended by each attorney,

2  each attorney's hourly rate, and the justification for each attorney's hourly rate.

3  *See Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 448 (9th Cir. 1992)

4  ("[B]ecause the award of attorney's fees pursuant to 28 U.S.C. § 1447(c) is

5  collateral to the decision to remand, the district court retained jurisdiction after

6  remand to entertain Plaintiffs' motion for attorney's fees.").

7  **CONCLUSION**

8  For the reasons stated above, the Court remands this matter to state court and

9  will allow Plaintiff an opportunity to file a motion for attorneys' fees pursuant to

10  28 U.S. Code § 1447(c).

11  Accordingly, **IT IS HEREBY ORDERED:**

12  1.    This case is **REMANDED** to Thurston County Superior Court.

13  2.    All pending dates and deadlines are **STRICKEN except for**

14  **those related to the attorneys' fees motion and any settlement**

15  **conference pending before the magistrate judge**.

16  3.    Plaintiff may file a motion for attorneys' fees pursuant to 28

17  U.S. Code § 1447(c) on or before **February 26, 2025**.  Defendants

18  may file a response within seven (7) days of the filing of such a

19  motion.  Plaintiff may file a reply seven (7) days after the response is

20  filed.

ORDER - 5

1     **IT IS SO ORDERED.**  The District Court Executive is directed to file this

2  order, **REMAND** this matter to the Thurston County Superior Court, and provide

3  copies to counsel.

4     DATED February 21, 2025.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 6