FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 29, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT THEODORE KINNUNE,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES,<br><br>Defendants. | No. 2:23-CV-00026-MKD<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES<br><br>**ECF No. 184** |

Before the Court is Plaintiff's Motion for Reconsideration of Order Granting in Part Plaintiff's Motion for Attorney's Fees, ECF No. 183, which seeks reconsideration, "to the extent that Order reduces counsels' established hourly rates." ECF No. 184 at 1. The Court has reviewed the briefing and the record and is fully informed. For the reasons explained below, the Court grants the motion.

## LEGAL STANDARD

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory

ORDER - 1

order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)) (quotation marks and emphasis omitted). A judge "must conscientiously carry out his [or her] judicial function in a case over which he [or she] is presiding." *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 530 (9th Cir. 2000) (quoting *Castner v. First Nat'l Bank of Anchorage*, 278 F.2d 376, 380 (9th Cir. 1960)) (quotation marks omitted). "[U]ltimately the judge who enters the final judgment in the case is responsible for the legal sufficiency of the ruling, and is the one that will be reversed on appeal if the ruling is found to be erroneous." *Id.*

"Motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs and arguments." *Ramirez v. Medtronic, Inc.*, 961 F. Supp. 2d 977, 1005 (D. Ariz. 2013) (citing *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988)); *see also Cooper v. Tokyo Elec. Power Co.,* 166 F. Supp. 3d 1103, 1116 (S.D. Cal. 2015) (citing *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)); *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) (citing *Carroll v. Nakatani*, 342 F.3d

ORDER - 2

934, 945 (9th Cir. 2003) and *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

The Court also set forth the "cause" required for a motion for reconsideration in the Jury Trial Scheduling Order: motions to reconsider must show manifest error in the prior ruling or reveal new facts or legal authority which could not have been brought to the Court's attention earlier. ECF No. 15 at 11; *see also* ECF Nos. 66, 133, 144, 152.

## DISCUSSION

Plaintiff seeks reconsideration of the Court's Order Granting in Part Plaintiff's Motion for Attorney's Fees, ECF No. 183, to the extent that "[t]he Order reduces Plaintiff's counsels' hourly rates on the basis that counsel did not 'establish the requested rates are in line with the prevailing rates in the community.'" ECF No. 184 at 2 (quoting ECF No. 183 at 13) (alteration omitted).

Plaintiff acknowledges that courts typically look to the relevant community, here the Eastern District of Washington, when determining a reasonable hourly rate, but argues that in this case an exception to the general rule should apply. *Id.* at 3-4. Specifically, Plaintiff contends, "When an action is properly initiated in one district and is transferred to a different forum, counsel should be compensated at the prevailing rate of the initial forum." *Id.* at 4 (quoting *Durham v. FCA US LLC*, 17-CV-596, 2020 WL 243115, at *9 (E.D. Cal. Jan. 16, 2020)) (alteration,

ORDER - 3

quotation marks, and other citations omitted).  Plaintiff points to the Second Circuit's decision in *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983), in which the court explained:

> Here the lawyer filed suit in his home district, and the case was transferred to the forum district.  If the suit had been properly maintainable in the Southern District and transferred for "the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a) (1976), counsel would normally be entitled to fees at the rate prevailing in his home district, *Virginia Academy of Clinical Psychologists v. Blue Shield of Virginia*, 543 F. Supp. 126 (E.D. Va. 1982), at least in the absence of any indication that the suit was filed in the high-rate district with little prospect of litigation there but in the hope of securing a high fee.

Plaintiff contends that similarly courts within the Ninth Circuit "may consider transfer a 'special circumstance' warranting departure from the general rule."  ECF No. 184 at 5 (citing *Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 907-08 (9th Cir. 1995)).

   Upon reconsideration, the Court agrees that such "special circumstances" apply here.  Plaintiff initially filed this case in Thurston County Superior Court.  ECF No. 1-5.  Defendants then removed the case to the Western District of Washington based on federal question jurisdiction under 28 U.S.C. §1331.  ECF No. 1 at 1.  The case was subsequently transferred to the Eastern District of Washington at Defendants' request.  ECF No. 7 at 1.  Plaintiff did "not oppose this motion, but raised the issue that transfer to the Eastern District would increase

ORDER - 4

litigation expenses for Plaintiff, as his attorney's offices are located in Western Washington (Tacoma)." *Id.* at 7.  Given these circumstances, the Court finds that "Plaintiff[] should not be penalized by a reduction to [attorney] rates[,]" particularly as Defendants did not dispute the reasonableness of these rates. *Strickland v. Truckers Express, Inc.*, No. CV 95-62, 2007 WL 496368, at *8 (D. Mont. Feb. 12, 2007), *amended sub nom. Strickland v. Truckers Exp., Inc.*, No. CV 95-62, 2007 WL 9183055 (D. Mont. Apr. 11, 2007) (declining to penalize plaintiffs by a reduction in their attorney's fee rates where counsel was employed to prosecute the case in Alabama, which was not "an improper venue" but the case was transferred to Montana "due to matters beyond the [p]laintiff's control"); *see also Schwarz*, 73 F.3d at 907 ("[R]ecogniz[ing] that a district court has discretion to award fees based on where the suit was originally filed when 'there is a *special circumstance.*'") (citing *Polk*, 722 F.2d at 25); ECF No. 177.

Plaintiff has already submitted evidence to support Plaintiff's counsels' rates in the Western District of Washington.  ECF No. 183 at 13.  Based on this evidence, the Court, upon reconsideration, awards the following rates:

| **Name**: | **Awarded Rate**: |
|---|---|
| James W. Beck | $575 |
| Janelle E. Chase Fazio | $475 |
| Eric D. Gilman | $525 |

ORDER - 5

| Alexis Baltazar | $200 |
|---|---|
| Desiree Williams | $270 |

The Court already found the number of hours expended by Plaintiff's counsel and Plaintiff's costs in this matter to be reasonable. ECF No. 183 at 15-19. Accordingly, the Court awards Plaintiff attorneys' fees in the amount of $188,481.00, as detailed below, and $4,972.57 in costs.[1]

| Name | Category | Hours | Requested Rates | Fee |
|---|---|---|---|---|
| James W. Beck | Partner | 111.4 | $575 | $64,055.00 |
| Janelle E. Chase Fazio | Partner | 12.7 | $475 | $6,032.50 |
| Eric D. Gilman | Partner | 184.3 | $525 | $96,757.50 |
| Alexis Baltazar | Paralegal | 44.4 | $200 | $8,880.00 |
| Desiree Williams | Paralegal | 27.8 | $270 | $7,506.00 |
| Reply by Eric D. Gilman | Partner | 10 | $525 | $5,250.00 |
| | | | Total | $188,481.00 |

---

[1] The Court does, however, caution Plaintiffs' counsel that when seeking attorneys' fees at rate higher than that "prevailing in the community," counsel should explain the applicable exception upon which they are relying regardless of whether the rate is challenged by the opposition.

ORDER - 6

# CONCLUSION

In conclusion, Plaintiff has demonstrated injustice necessitating reconsideration of the Court's Order Granting in Part Plaintiff's Motion for Attorney's Fees, ECF No. 183. The Court grants Plaintiffs' Motion for Reconsideration of Order Granting in Part Plaintiff's Motion for Attorney's Fees and awards Plaintiff $193,453.57 in fees and costs.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Reconsideration of Order Granting in Part Plaintiff's Motion for Attorney's Fees, **ECF No. 184**, is **GRANTED**.

2. Defendant is **DIRECTED to** pay Plaintiff's attorneys' fees and costs in the amount of **$193,453.57** within **30 days** of the entry of this Order and shall file a notice of compliance within **seven days** of remitting payment.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to the parties.

DATED July 29, 2025.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 7