FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 10, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT THEODORE KINNUNE,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES,<br><br>Defendants, | No. 2:23-CV-00026-MKD<br><br>ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO VACATE ORDERS ECF NOS. 187, 183 AND GRANTING MOTION TO EXPEDITE<br><br>**ECF Nos. 189, 191** |

On September 9, 2025, the Court held a hearing on Defendants' Unopposed Motion to Vacate Orders, ECF No. 189. ECF No. 193. James Beck appeared on behalf of Plaintiff. Nicholas Ulrich appeared on behalf of Defendants. Defendants move the Court to vacate the Orders at ECF Nos. 183 and 187, awarding attorneys' fees and costs pursuant to 28 U.S.C. § 1447, as the parties have settled the underlying lawsuit. ECF No. 189 at 1. Plaintiff does not oppose the Motion, pursuant to his commitments under the settlement agreement. *See id.* at 1-2; ECF

ORDER - 1

1  No. 193.  The Court has reviewed the motions and the record, has heard from

2  counsel, and is fully informed.  For the reasons explained below, and on the record,

3  the Court grants Defendants' Motion to Vacate.

## BACKGROUND

5  The factual background underlying this matter was previously set forth in the

6  Order Granting in Part Plaintiff's Motion for Attorneys' Fees, ECF No. 183, and the

7  Order Granting Plaintiff's Motion for Reconsideration, ECF No. 187.  The Court

8  summarizes the history relevant to this motion.

9  At the pretrial conference on February 12, 2025, the Court found that it lacked

10  subject matter jurisdiction and advised counsel it would entertain any motion for

11  attorneys' fees notwithstanding the remand to state court.  ECF No. 165.  The Court

12  referred the case to Magistrate Judge James A. Goeke for a second settlement

13  conference at the parties' request, pending briefing on the fee issue.  ECF No. 166.

14  On February 21, 2025, the Court remanded the case to Thurston County Superior

15  Court.  ECF No. 174.

16  On February 26, 2025, Plaintiff filed a Motion for Attorneys' Fees and Costs.

17  ECF No. 175.  On February 27, 2025, the parties participated in a settlement

18  conference before Magistrate Judge Goeke, which was unsuccessful.  *See* ECF

19  No. 172; ECF No. 190 at 2 ¶ 4.

20  On June 27, 2025, the Court granted Plaintiff's Motion for Attorneys' Fees

ORDER - 2

and Costs, ECF No. 175.  ECF No. 183.  On July 3, 2025, Plaintiff filed a Motion for Reconsideration, ECF No. 184, which the Court granted, ECF No. 187.

The parties have now reached a settlement agreement, which is designed to include attorneys' fees.  ECF No. 190 at 2-3 ¶¶ 5-10.

## LEGAL STANDARD

"On motion and just terms, [a] court may relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."  Fed. R. Civ. P. 60(b)(5).  "A motion under Rule 60(b) must be made within a reasonable time . . . ."  Fed. R. Civ. P. 60(c)(1).

"[A] district court may vacate its own decision in the absence of extraordinary circumstances."  *Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998).  However, "a district court is not required to vacate a judgment pursuant to settlement because, otherwise, 'any litigant dissatisfied with a trial court's findings would be able to have them wiped from the books.'"  *Bates v. Union Oil Co. of Cal.*, 944 F.2d 647, 650 (9th Cir. 1991) (quoting *Ringsby Truck Lines, Inc. v. W. Conf. of Teamsters*, 686 F.2d 720, 721 (9th Cir. 1982)); *see also Chem. Producers & Distribs. Ass'n v. Helliker*, 463 F.3d 871, 878 (9th Cir. 2006) ("Where mootness was caused by voluntary action of the party seeking vacatur, we generally

ORDER - 3

remand with instructions to the district court to weigh the equities and determine whether it should vacate its own judgment." (quotation marks and citations omitted)), *overruled on other grounds by Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195 (9th Cir. 2019).  In determining whether to vacate a judgment, a court must consider "'the consequences and attendant hardships of dismissal or refusal to dismiss' and 'the competing values of finality of judgment and right to relitigation of unreviewed disputes.'" *Dilley v. Gunn*, 64 F.3d 1365, 1371 (9th Cir. 1995) (quoting *Ringsby*, 686 F.2d at 722) (other citations omitted).  A court must also consider "the motives of the party whose voluntary action mooted the case." *Am. Games*, 142 F.3d at 1168.

## DISCUSSION

Defendants timely move for relief from the Orders at ECF Nos. 183 and 187 under Fed. R. Civ. P. 60(b) and Fed. R. Civ. P. 60(c)(1).  Defendants assert that their obligation to pay attorneys' fees and costs "has been rolled into and resolved as part of the settlement of the underlying award" and that "[t]he equities support vacating the award here." ECF No. 189 at 2-3.

First, the consequences and hardships associated with vacatur weigh in favor of granting Defendants' Motion. *See Dilley*, 64 F.3d at 1371.  The parties have "compromised their respective positions, including whether an appeal would be appropriate from this fee award[,]" and thus reached a settlement agreement that

ORDER - 4

accounts for attorneys' fees and costs. ECF No. 189 at 3. "The Ninth Circuit is firmly committed to the rule that the law favors and encourages compromise settlements." *Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988) (quotation marks and citation omitted)); *see also Click Ent., Inc. v. JYP Ent. Co.*, No. CIV 07-342, 2009 WL 3030212, at *2 (D. Haw. Sept. 22, 2009) ("[V]acating the Verdict and Amended Judgment was contemplated as part of settlement (though not made a condition of settlement), and thus the Court should, where appropriate, support the negotiations and terms of settlement." (citation omitted)).

Second, the competing values of finality of judgment and right to relitigation of unreviewed disputes weigh in favor of granting Defendants' Motion. *See Dilley*, 64 F.3d at 1371. The proposed settlement will resolve the entire underlying case and preclude further review of any overlap between the award of fees and costs in this case and the settlement agreement's provisions for fees and costs. *See Click Ent.*, 2009 WL 3030212, at *3 (finding that this consideration favored vacatur of a judgment that may have permitted "double recovery" because the "settlement preclude[d] further review" of that issue).

Last, the motives of the party whose voluntary action mooted the case weigh in favor of granting Defendants' Motion. *See Am. Games*, 142 F.3d at 1168. Defendants represent that the February 2025 settlement conference, while unsuccessful, was the catalyst for further settlement discussions that ultimately led to

ORDER - 5

a successful settlement. ECF No. 190 at 2 ¶¶ 4-8. These settlement discussions began before the Court issued the Orders at ECF Nos. 183 and 187. *Id.* at 2 ¶¶ 5-7. Thus, vacatur of the award of attorneys' fees and costs does not appear to have been "the primary motive" for the settlement. *See Am. Games*, 142 F.3d at 1170.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Unopposed Motion to Vacate Orders ECF Nos. 187, 183, **ECF No. 189**, is **GRANTED**.

2. Defendants' Motion to Expedite, **ECF No. 191**, is **GRANTED**.

3. The Order Granting in Part Plaintiff's Motion for Attorneys' Fees, **ECF No. 183**, and the Order Granting Plaintiff's Motion for Reconsideration, **ECF No. 187**, are **VACATED**.

**IT IS SO ORDERED.** The District Court Executive is directed to file this order and provide copies to counsel. This case **REMAINS CLOSED**.

DATED September 10, 2025.

*s/Mary K. Dimke*<br>
MARY K. DIMKE<br>
UNITED STATES DISTRICT JUDGE

ORDER - 6